ORIGINAL

1  RUKIN HYLAND DORIA & TINDALL LLP
   John F. Hyland (Cal. Bar No. 178875)
2  100 Pine Street, Suite 725
   San Francisco, California 94111
3  Telephone: (415) 421-1800
4  Facsimile: (415) 421-1700

**ORIGINAL**
FILED

08 APR -2 PM 2: 12

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____
DEPUTY

5  GULLEDGE LAW GROUP
   Linda Gulledge (Cal Bar No. 196862)
6  Kelly Woody Gulledge (Cal. Bar No. 234255)
7  1190 South Victoria Avenue, Suite 208
   Ventura, California 93003
8  Telephone: (805) 642-1972
   Facsimile: (805) 642-1933
9

10 Attorneys for Individual and Representative Plaintiffs
   ERICK GALLO, ARMANDO GUTIERREZ,
11 ANGEL MIRAMONTES, ANTONIO MIRAMONTES,
   LUIS MIRAMONTES, and MANUEL MONTES
12

13              UNITED STATES DISTRICT COURT

14            SOUTHERN DISTRICT OF CALIFORNIA            **BY FAX**

15
                                   '08 CV 604    J  CAB
16

| 17 ERICK GALLO, ARMANDO | CASE NO. |
| GUTIERREZ, ANGEL | |

17 ERICK GALLO, ARMANDO
   GUTIERREZ, ANGEL
18 MIRAMONTES, ANTONIO
   MIRAMONTES, LUIS
19 MIRAMONTES, and MANUEL
   MONTES, individually, on behalf of
20 all others similarly situated, and on
   behalf of the general public,
21 Plaintiffs,

22

23 vs.

24 MASCO CORPORATION, a
   corporation, MASCO SERVICES
25 GROUP CORPORATION, a
   corporation, GUY EVANS, INC., a
26 corporation, BUILDER SERVICES
   GROUP, INC., a corporation, and
27 DOES 1 through 20, inclusive
   Defendants.
28

CASE NO.

**CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF**

1.  **Failure to Pay Overtime Wages in
Violation of the FLSA (29 U.S.C. §§ 201,** *et
seq.***)**
2.  **Failure to Pay Overtime Wages in
Violation of California Law (Lab. Code
§§ 501, 1194, 1198, Wage Order 16-2001)**
3.  **Failure to Pay Reporting Time Wages in
Violation of California Law (Wage Order 16)**
4.  **Failure to Pay Minimum Wage for All
Hours Worked in Violation of California Law
(Lab. Code § 1194, Wage Order 16-2001)**
5.  **Failure to Pay Prevailing Wages in
Violation of California Law (Lab. Code
§§ 1771, 1774)**
6.  **Failure to Provide Meal Periods in
Violation of California Law (Lab. Code
§§ 226.7, 512, Wage Order 16)**

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7.    **Failure to Provide Accurate Itemized Wage Statements in Violation of California Law (Lab. Code § 226)**
8.    **Waiting Time Penalties (Lab. Code §§ 201-203)**
9.    **Failure to Reimburse Travel Costs and Other Business Expenses in Violation of California Law (Lab. Code § 2802)**
10.   **Unfair Business Practices in Violation of California Business & Professions Code (Bus. & Prof. Code §§ 17200, et seq.)**
11.   **Violation of the Family Medical Leave Act (Plaintiff Gallo Only) (29 U.S.C. §§ 2601, *et seq.*)**
12.   **Violation of the California Family Rights Act (Plaintiff Gallo Only) (Gov't Code §§ 12945.1, *et seq.*)**
13.   **Termination in Violation of California Fundamental Public Policy (Plaintiffs Gallo and Angel Miramontes Only)**

**DEMAND FOR JURY TRIAL**

Individual and Representative Plaintiffs Erick Gallo, Armando Gutierrez, Angel Miramontes, Antonio Miramontes, Luis Miramontes, and Manuel Montes (collectively, ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain against Defendants Masco Corporation, Masco Services Group Corporation, Guy Evans, Inc., Builder Services Group, Inc., and Does 1 through 20 (collectively, "Defendants") as follows:

## THE PARTIES

1.    Erick Gallo is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in July, 2001, until he was terminated on August 31, 2007.  During his employment with Defendants, Mr. Gallo worked as a carpenter and installer, at various locations, including El Centro, California.

2.    Armando Gutierrez is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in approximately April 2005.

-2-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  During his employment with Defendants, Mr. Gutierrez worked as an Installer and Carpenter, at

2  various locations, including El Centro and San Diego.

3        3.     Angel Miramontes is, and during all relevant times was, a resident of

4  Imperial County, and was employed by Defendants beginning in approximately December

5  2003, until he was terminated on August 27, 2007. During his employment with Defendants,

6  Angel Miramontes worked as an Installer, and was promoted to Foreman for Finish Carpenters.

7  He worked at various locations, including Indio, El Centro, Calexico, Imperial, Brawley,

8  Calipatria, and Heber. At the time of his termination, Angel Miramontes was the most senior

9  Foreman.

10       4.     Antonio Miramontes is, and during all relevant times was, a resident of

11  Imperial County, and was employed by Defendants beginning in approximately October 2003.

12  During his employment with Defendants, Antonio Miramontes worked as an Installer and

13  Carpenter at various locations, including El Centro, San Diego and Blythe.

14       5.     Luis Miramontes is, and during all relevant times was, a resident of

15  Imperial County, and was employed by Defendants beginning in approximately June 2003.

16  During his employment with Defendants, Luis Miramontes worked as an Installer, at various

17  locations, including El Centro

18       6.     Manuel Montes is, and during all relevant times was, a resident of

19  Imperial County. He was employed by Defendants in their office in Indio, California, between

20  approximately March 22, 2005, and October 2005; he resigned his position because among

21  other reasons, Defendants refused to reimburse work-related travel expenses. Thereafter, in

22  May 2006, Mr. Montes was rehired to work in Defendants' El Centro office. He resigned his

23  position in September 2007, because Defendants again refused to reimburse his work-related

24  travel expenses. During both terms of his employment with Defendants, Mr. Montes worked as

25  a garage door installer at various locations, in and around Indio, El Centro, Calexico, Imperial,

26  Brawley, Calipatria, and Heber.

27

28

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF.

7.    Plaintiffs are informed and believe and thereon allege that Masco Corporation is a corporation, that at all relevant times conducted business in Imperial County, California. At all times relevant to the allegations in this complaint, Masco Corporation operated a new construction and construction services business.

8.    Plaintiffs are informed and believe and thereon allege that Masco Services Group Corporation is a corporation, that at all relevant times conducted business in Imperial County, California. At all times relevant to the allegations in this complaint, Masco Services Group Corporation operated a new construction and construction services business.

9.    Plaintiffs are informed and believe and thereon allege that Guy Evans, Inc. is a corporation, that at all relevant times conducted business in Imperial County, California. At all times relevant to the allegations in this complaint, Guy Evans, Inc. operated a new construction and construction services business.

10.    Plaintiffs are informed and believe and thereon allege that Builder Services Group, Inc. is a corporation, that at all relevant times conducted business in Imperial County, California. At all times relevant to the allegations in this complaint, Builder Services Group, Inc. operated a new construction and construction services business.

11.    Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the Class Members herein alleged were proximately caused by such Defendants.

12.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and

-4-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    scope of the relationship. Plaintiffs are further informed, believe, and thereon allege, that each

2    of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the

3    remaining Defendants.

4

5                            **JURISDICATION AND VENUE**

6            13.    The First and Eleventh Causes of Action arise under the laws of the

7    United States. Thus, this Court has original jurisdiction, pursuant to 28 U.S.C. section 1331.

8            14.    Plaintiffs' other Causes of Action are so related to Plaintiffs' First and

9    Eleventh Causes of Action, which are within this Court's original jurisdiction, that they form

10   part of the same case or controversy. Thus, this Court has supplemental jurisdiction, pursuant to

11   28 U.S.C. section 1337(a).

12           15.    Venue in this District is proper, pursuant to 28 U.S.C. section 1391(b),

13   because a substantial part of Defendants' unlawful conduct occurred in Imperial and San Diego

14   Counties, Defendants conduct substantial business in Imperial and San Diego Counties, a

15   substantial part of the transactions at issue took place in Imperial and San Diego Counties, and

16   Defendants' liability arose in substantial part in Imperial and San Diego Counties.

17

18                            **FACTUAL ALLEGATIONS**

19                    **Expense Reimbursement Policies and Practices**

20           16.    Defendants required Plaintiffs and other similarly situated employees to

21   drive their personal vehicles to work sites and to other locations as part of their job and in the

22   course of performing job duties, such as delivering or retrieving materials, delivering or

23   retrieving tools, and transporting other employees.

24           17.    In using their personal vehicles for these business-related purposes,

25   Plaintiffs and other similarly situated employees incurred costs, including the cost of purchasing

26

27                                    -5-

28

1  gasoline, the cost of maintaining insurance and registering their vehicles, the cost of servicing

2  and maintaining their vehicles, and the wear on and depreciation of their vehicles.

3       18.    Defendants consistently and as a matter of policy failed to reimburse

4  Plaintiffs and other similarly situated employees for the costs incurred in using their vehicle

5  either by failing to reimburse Plaintiffs and other similarly situated employees in an amount

6  equal to the costs incurred, or arbitrarily establishing reimbursement amounts unrelated to and

7  less than the actual expenditures.

8       19.    On numerous occasions after submitting the required documentation and

9  expense reimbursement request, Plaintiffs and other similarly situated employees received no

10  expense reimbursement from Defendants but instead received a check from Randy Nelson,

11  Division Manager, drawn on his personal account which he represented as expense

12  reimbursement. However, Mr. Nelson regularly paid Plaintiffs and other similarly situated

13  employees less than the amount of the expense actually incurred and less than the amount of the

14  particular expense reimbursement request.

15

16                    **Requirement that Employees Work Off-the-Clock**

17       20.    Defendants routinely and as a matter of policy required that Plaintiffs and

18  other similarly situated employees perform work for which Defendants did not compensate

19  them. The uncompensated work includes, but is not limited to the following:

20       (a).    Defendants required that Plaintiffs and other similarly situated employees

21  first report to Defendants' El Centro or Indio facility to gather and load materials, supplies, and

22  tools and to perform other duties in preparation for the on-site work that day. Defendants refused

23  to pay Plaintiffs and other similarly situated employees for this time even though these

24  preparatory tasks took between 15 and 45 minutes.

25       (b).    At the end of the work day, Defendants required that Plaintiffs and other

26  similarly situated employees perform certain clean-up and related tasks. Although these tasks

27                              -6-

28

1   sometimes required that Plaintiffs and other similarly situated employees work beyond the

2   scheduled end time – 3:15 p.m. or 3:30 p.m. – Defendants refused to pay Plaintiffs and other

3   similarly situated employees for this additional time and insisted that it need only pay Plaintiffs

4   until the scheduled end time.

5             (c).    Plaintiffs and other similarly situated employees often reported to the

6   assigned work location before or at the scheduled start time but upon arrival received notice from

7   Defendants that they could not begin working until the job supervisor or foreman arrived, or

8   certain required materials or tools arrived. Despite Plaintiffs' and other similarly situated

9   employees' arrival at the scheduled start time and their readiness and willingness to work,

10  Defendants refused to pay Plaintiffs and other similarly situated employees for the time spent

11  waiting for persons, materials, or tools to arrive.

12            (d).    On a number of occasions Plaintiffs and other similarly situated employees

13  received express directives from Randy Nelson and supervisor Ruben Holquin, that they could

14  not report the full amount of hours worked that day. Mr. Nelson or Mr. Holquin would either

15  provide no explanation with the directive or would explain that Plaintiffs and other similarly

16  situated employees could not report all hours worked because they should have completed their

17  duties in less time than it actually took, or that the budget for a particular project or job did not

18  have sufficient funding for the additional time. Plaintiffs and other similarly situated employees

19  did as directed and thereby under-reported the total hours they actually worked. As a result, they

20  did not receive pay for all hours worked.

21            (e).    Plaintiffs and other similarly situated employees submitted timesheets that

22  accurately recorded their hours worked. When they received their paychecks for those reported

23  hours, however, the wage statements and pay amounts did not accurately reflect all hours worked

24  and reported. As a result, Plaintiffs and other similarly situated employees did not receive

25  compensation for all hours worked.

26

27                                          -7-
                    CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
28

1

**Meal Period Practices**

2    21.    Defendants improperly denied Plaintiffs and other similarly situated

3    employees a full thirty minute duty-free meal period during each five hours of work in

4    compliance with California law.

5    22.    On workdays in which Plaintiffs and other similarly situated employees

6    worked more than ten hours, Defendants frequently failed to provide a second meal period in

7    compliance with California law.

8

9    **Failure to Pay Reporting Time Pay**

10    23.    Throughout the relevant time period, Defendants conducted "safety" and

"foreman" meetings at which management discussed work-related matters, including workplace

11    safety and information about current or upcoming projects. The "safety" meetings took place at

12    Defendants' offices in Indio and El Centro and generally ran about 15 to 20 minutes. The

13    "foreman" meetings generally ran two to three hours.

14    24.    Defendants required that all employees attend the "safety" meetings, and

15    that leads and foreman attend the "foreman" meetings. Defendants required all employees to

16    attend even when employees were not scheduled to work, when Defendants had no work to

17    assign employees, or employees had elected not to work. Defendants refused to pay Plaintiffs

18    and other similarly situated employees who reported to work solely to attend the meeting (as

19    required) for the time spent at the meeting or any other amount.

20

21    **Retaliation**

22    25.    Beginning in or about August of 2007, Plaintiff Gallo spoke to Randy

23    Nelson and Ruben Holquin on a number of occasions in which he raised questions about and

24    objected to a number of Defendants' pay and expense reimbursement practices.

25    26.    At the end of most work days, Plaintiff Angel Miramontes spent several

26    minutes to more than an hour contacting his crew members to disseminate the next days' work

27    -8-

28

1    location and schedule, however Defendants refused to pay him for this work. Beginning

2    sometime in 2006, Plaintiff Angel Miramontes began complaining to Randy Nelson and Ruben

3    Holquin about not receiving compensation for this time and for the time he spent at the start of

4    each workday assigning employees work locations. Plaintiff Angel Miramontes also repeatedly

5    complained to Randy Nelson and Ruben Holquin about not getting paid for travel time and not

6    getting reimbursed for travel expenses.

7              27.    Both at the time that Plaintiff Gallo and Plaintiff Angel Miramontes

8    raised their complaints and thereafter, Nelson and Holquin exhibited hostility toward them.

9              28.    Beginning in or about August of 2007, Randy Nelson responded to

10   questions and complaints that employees raised at meetings concerning wages or expense

11   reimbursement by urging them to quit if they had a problem with Defendants' practices and that

12   they (Nelson and Ruben Holquin) would simply "bring in more guys from Mexicali." At a

13   meeting at the end of the workday on or about August 31, 2007, Nelson and Holquin stated to

14   employees that they knew that the employees had spoken with legal counsel regarding

15   Defendants' pay practices. Nelson and Holquin suggested that the employees "go ahead" and

16   file a lawsuit, and threatened that while they "might recover some money" they would lose their

17   jobs and have no work

18             29.    On August 31, 2007, Defendants terminated Plaintiff Gallo and Plaintiff

19   Angel Miramontes. Although they claimed that they had to terminate them for lack of work, in

20   fact Defendants had ample work to assign Plaintiffs Gallo and Angel Miramontes. Defendants

21   based their decision to terminate Plaintiffs Gallo and Angel Miramontes not on the amount of

22   work but because of Gallo's and Angel Miramontes' repeated objections to Defendants' illegal

23   pay practices, their insistence that Defendants pay them and other similarly situated employees

24   all amounts owed, Plaintiffs Gallo's and Angel Miramontes' discussions with other employees

25   regarding their wages and Defendants' illegal pay practices, and, as to Plaintiff Gallo, because

26   of his request to take leave to spend time with his newborn child (as alleged below).

27

28

-9-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Prevailing Wage Claim**

30.    Throughout the period during which Plaintiffs and other similarly situated employees have worked for Defendants, and during the period relevant to the claims asserted in this Complaint, Defendants secured contracts with federal, state, and local government agencies, subject to federal and California prevailing wage laws.  Plaintiffs and other similarly situated employees worked on these prevailing wage assignments on a number of occasions and for various lengths of time.

31.    Although Plaintiffs and other similarly situated employees noted on each time card the particular job assignment(s) worked each workday and the hours worked at each assignment, and in some cases expressly identified particular assignments as prevailing wage jobs, Defendants failed to pay them the appropriate prevailing wage for all hours worked on that assignment.  Similarly, on some occasions Defendants intentionally misstated or misclassified the job classification Plaintiffs and other similarly situated employees held while working on prevailing wage projects.  For example Defendants misclassified Plaintiff Angel Miramontes as an installer, when in fact, he worked as a foreman on the projects.  On some occasions, Defendants' supervisors notified one or more of the Plaintiffs and other similarly situated employees that they would not receive the prevailing wage rate even though they had worked on a prevailing wage job assignment.  Moreover, Defendants' supervisors notified one or more of the Plaintiffs and other similarly situated employees that Defendants would pay them an hour of overtime based on their regular (non-prevailing wage) rate instead of the prevailing wage applicable to that project.

**Forfeiture of Accrued, Unused Vacation**

32.    In approximately May 2007, Defendant Masco acquired Defendant Guy Evans.  As a consequence of this acquisition, Defendant Guy Evans terminated Plaintiffs' and other similarly situated employees' employment.  Notwithstanding the termination of

-10-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    employment, Defendants failed to pay all terminated employees the full amount of accrued and

2    unused vacation they had remaining as of the termination date.

3

4                        **Denial of Plaintiff Gallo's Request for Leave**

5            33.    On July 9, 2007, Plaintiff Gallo's wife gave birth to their second child.

6    On August 29, 2007, Plaintiff Gallo contacted the human resources representative (Veronica

7    [last name unknown]) in Defendants' offices in Indio, California to request time off to spend

8    with his wife and newborn child.  He requested three months of leave.  Veronica responded that

9    the company would not pay Plaintiff Gallo for any time off and that she would first have to

10   check with the corporate offices in Florida before granting any leave.

11           34.    Plaintiff Gallo responded that he understood that Defendants would not

12   pay him while on leave.  Plaintiff Gallo explained that he simply wanted to ensure that

13   Defendants would hold his position for him while on leave so that he would have a job upon

14   returning from leave.  Veronica told Plaintiff Gallo that she would contact him after she had

15   spoken with the corporate office.  Neither she nor anyone else asked Plaintiff Gallo to submit

16   any documents or fill out any forms regarding his leave request.  Veronica did not contact

17   Plaintiff Gallo again, and no one else spoke with him about his request for leave.

18           35.    On August 30, 2007, Ruben Holguin called Plaintiff Gallo at Gallo's

19   home and asked him to report to work the next day at 6:45 a.m.  When Plaintiff Gallo arrived on

20   August 31, 2007, Ruben Holguin and Randy Nelson notified him that Defendants had decided

21   to terminate his employment.  During the meeting, Nelson told Plaintiff Gallo that Defendants

22   did not have enough work for him and they gave him his final paycheck.

23           36.    On February 28, 2008, Plaintiff Gallo filed a charge with the California

24   Department of Fair Employment & Housing ("DFEH") – requesting that the Department

25   concurrently file the charge with the United States Equal Employment Opportunity Commission

26

27                                          -11-

28

1  – concerning Defendants' refusal to grant him leave and his subsequent termination.  On or

2  about March 18, 2008, the DFEH issued Plaintiff Gallo a right-to-sue notice.

3

4  **COLLECTIVE ACTION ALLEGATIONS**

5       37.    Plaintiffs bring this action on behalf of themselves and other employees

6  similarly situated as authorized under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section

7  216(b).  The employees similarly situated include all of the following:

8      Plaintiffs and all other persons who are or have been employed by
    Defendants, or any one of them, as Installers, Garage Door

9      Installers, Baseboard Installers, Leads, Foreman at Defendants'
    locations in Indio, Calexico, Heber, El Centro, Brawley, Imperial,

10      or Calipatria from January 2004 to the present

11      Plaintiffs and all other persons who were terminated from
    employment with Defendant Guy Evans, Inc. in connection with

12      Defendant Masco Corporation's acquisition of Defendant Guy

13      Evans, Inc. in approximately May 2007

14       38.    Upon information and belief Plaintiffs allege that Defendants suffered

15  and permitted Plaintiffs and the Collective Class to work more than forty hours per week

16  without appropriate overtime compensation.

17       39.    Defendants' unlawful conduct has been widespread, repeated, and

18  consistent.

19       40.    Upon information and belief, Defendants knew that Plaintiffs and the

20  Collective Class, performed work that required overtime pay.  Defendants have operated under a

21  scheme to deprive these employees of appropriate overtime compensation by failing to properly

22  compensate them for all hours worked.

23       41.    Defendants' conduct, as set forth in this Complaint, was willful and in

24  bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

25       42.    Defendants are liable under the FLSA for failing to properly compensate

26  Plaintiffs and the Collective Class, and as such, the Court should order distribution of notice of

27  -12-

28  CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  this action to the Collective Class.  There are numerous similarly situated current and former

2  employees of Defendants who have been denied overtime pay in violation of the FLSA who

3  would benefit from the issuance of a Court supervised notice of the present lawsuit and the

4  opportunity to join in the present lawsuit.  Those similarly situated employees are known to

5  Defendants, and Defendants can readily identify these individuals through Defendants' records.

6

7  **CLASS ACTION ALLEGATIONS**

8  43.    Plaintiffs brings this action on behalf of themselves and as a class action

9  pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

10  Plaintiffs and all other persons who are or have been employed by
   Defendants, or any one of them, as Installers, Garage Door
11  Installers, Baseboard Installers, Leads, Foreman at Defendants'
   locations in Indio, Calexico, Heber, El Centro, Brawley, Imperial,
12  or Calipatria from January 2004 to the present.

13  Plaintiffs and all other persons who were terminated from
   employment with Defendant Guy Evans, Inc. in connection with
14  Defendant Masco Corporation's acquisition of Defendant Guy
   Evans, Inc. in approximately May 2007 (the "Proposed Class").
15

16  44.    Numerosity:  The plaintiff class is so numerous that the individual joinder

17  of all members is impractical under the circumstances of this case.

18  45.    Typicality:    Plaintiffs' claims are typical of the members of the

19  Proposed Class in that Defendants acted uniformly with respect to Plaintiffs and all members of

20  the Proposed Class and subjected all of them to the same unlawful pay practices set forth in this

21  Complaint.

22  46.    Superiority:    A class action is superior to other available methods for

23  the fair and efficient adjudication of the controversy, particularly in the context of wage and

24  hour litigation such as this where individual plaintiffs lack the financial resources to vigorously

25  prosecute separate lawsuits in court against large corporate defendants and where those

26  plaintiffs reasonably fear retaliation as a consequence of doing so.

27  -13-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28

47.  <u>Adequacy</u>:   Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and they have retained counsel experienced in complex wage and hour class and collective action litigation.

48.  <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed Class and predominate over any questions that affect only individual class members.  The common questions of law and fact include, but are not limited to:

(a)  Whether the Defendants violated the FLSA by failing to pay Plaintiffs and members of the Proposed Class at the overtime rate for all hours worked in excess of 40 in a workweek;

(b)  Whether the Defendants violated the California Labor Code and applicable IWC Wage Orders by failing to pay Plaintiffs and members of the Proposed Class appropriate overtime wages at the applicable rates;

(c)  Whether the Defendants violated the California Labor Code and applicable IWC Wage Orders by failing to pay Plaintiffs and members of the Proposed Class reporting time pay as required;

(d)  Whether the Defendants violated the California Labor Code and applicable IWC Wage Orders by failing to pay Plaintiffs and members of the Proposed Class minimum wage for all hours worked;

(e)  Whether Defendants violated Labor Code section 226 by failing to provide adequate itemized wage statements to Plaintiffs and members of the Proposed Class;

(f)  Whether the Defendants violated the Labor Code and applicable IWC Wage Orders by failing to provide Plaintiffs and members of the Proposed Class with thirty-minute duty-free meal periods as required under California law;

(g)  Whether Defendants violated Labor Code sections 201, 202, and 203 by failing to timely pay all wages due and owing to Plaintiffs Erick Gallo, Plaintiff Angel

-14-

1    Miramontes, and all other members of the Proposed Class whose employment with Defendants

2    has terminated;

3            (h)     Whether Defendants violated Labor Code section 2802 by failing to

4    reimburse Plaintiffs and members of the Proposed Class for all expenses reasonably incurred in

5    connection with the performance of their job duties;

6            (i)     Whether Defendants violated the Labor Code by failing to pay Plaintiffs

7    and members of the Proposed Class at the prevailing wage rate for work performed on qualifying

8    public works projects;

9            (j)     Whether Defendants violated Business & Professions code section 17200,

10   *et seq*, by engaging in the acts alleged herein; and

11           (k)     Whether Plaintiffs and members of the Proposed Class are entitled to

12   equitable relief pursuant to Business & Professions code section 17200, *et seq*.

13           49.     <u>Public Policy Considerations</u>: When employers violate state wage and

14   hour laws in the manner and to the extent as alleged in this action, a fear of direct or indirect

15   retaliation often dissuade current employees from asserting their rights.  Former employees

16   often fear pursuing their rights due to a perception that their former employers can frustrate their

17   efforts to find future employment through negative references and other means.  Class actions

18   provide the class members not named in the complaint with a type of anonymity that allows for

19   vindication of their rights.

20           50.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)

21   because prosecution of actions by or against individual members of the Proposed Class would

22   result in inconsistent or varying adjudications and create the risk of incompatible standards of

23   conduct for Defendants.  Further, adjudication of each individual member's claim as separate

24   action would be dispositive of the interest of other individuals not party to this action, impeding

25   their ability to protect their interests.

26

27

28

-15-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

51.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

52.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. Defendants have available the names and addresses of the members of the Proposed Class.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)

53.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 52 inclusive, as though fully set forth herein.

54.    Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. section 216(b). Plaintiffs attach their written consent forms to this complaint. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

55.    At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. section 203. At all relevant times, each Defendant has employed and continues to employ employees, including Plaintiffs and the members of the

-16-

1  Collective Class.  At all relevant times, upon information and belief each Defendant has had

2  gross operating revenues in excess of $500,000.00.

3          56.    The FLSA requires covered employers, including Defendants, to

4  compensate all non-exempt employees at a rate of not less than one and one-half times the

5  regular rate of pay for work performed in excess of forty hours per work week.

6          57.    During their employment with Defendants, within the applicable statute

7  of limitations, Plaintiffs and the other members of the Collective Class worked in excess of forty

8  hours per workweek.  Despite the hours worked by these individuals, Defendants willfully, in

9  bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate

10  overtime compensation for all the hours worked in excess of forty.

11          58.    By failing to accurately record, report, and/or preserve records of hours

12  worked by Plaintiffs and members of the Collective Class, Defendants have failed to make,

13  keep, and preserve records with respect to each of its employees sufficient to determine their

14  wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29

15  U.S.C. sections 201, *et seq.*

16          59.    The foregoing conduct, as alleged, constitutes a willful violation of the

17  FLSA, within the meaning of 29 U.S.C. section 255(a).

18          60.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages

19  in the amount of their respective unpaid overtime compensation, liquidated damages from three

20  years immediately preceding the filing of this action, plus interests and costs as allowed by law,

21  pursuant to 29 U.S.C. sections 216(b) and 255(a), and such other legal and equitable relief as the

22  Court deems just and proper.

23          61.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery

24  of their attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. section 216(b).

25

26

27                                            -17-

28

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wages in Violation of California Law)

62.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 61 inclusive, as though fully set forth herein.

63.    Pursuant to California Labor Code section 510, employees in California earn overtime pay after working eight (8) hours in a day and/or forty (40) hours in a week.

64.    Labor Code section 1198 prohibits an employer from employing persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.  Wage Order No. 16 applies (or applied) to Plaintiffs and all other current and former employees of Defendants described as members of the class.

65.    At all times relevant hereto, Wage Order No. 16 has provided:

(a) an employee who works more than forty hours in a week must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for each overtime hour worked; and (b) an employee who works more than eight hours in a day must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for hours worked in excess of eight hours per day and at a rate of two times his or her hourly rate for hours worked in excess of twelve hours per day.

66.    During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other members of the Proposed Class worked, on average, more than eight hours per day and more than 40 hours per week.  Despite the hours worked by these individuals, Defendants willfully, in bad faith, and in knowing violation of the California Labor Code, failed and refused to pay them overtime compensation.

67.    Pursuant to California Labor Code section 1194, Plaintiffs and the other members of the Proposed Class are entitled to recover their unpaid overtime compensation plus interest, attorneys' fees and costs.

-18-

68.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiff and the Proposed Class to an award of punitive damages.

## THIRD CAUSE OF ACTION

### (Failure to Pay Reporting Time Wages in Violation of California Law)

69.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 68 inclusive, as though fully set forth herein.

70.    Section 5(A) of Wage Order No. 16 provides that:

> Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

71.    As alleged herein, Defendants required Plaintiffs and the members of the Proposed Class to report to work to attend meetings on days on which Defendants had not scheduled them to work and on which Defendants did not provide them any work.  On those occasions when Defendants did so, they failed to pay them for the time spent at the meeting.

72.    Defendants' actions violated Section 5(A) of Wage Order No. 16, and Plaintiffs and the members of the Proposed Class are therefore entitled to payment of additional wages as provided by law plus interest, attorneys' fees and costs.

73.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiff and the Proposed Class to an award of punitive damages.

-19-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## FOURTH CAUSE OF ACTION

2

**(Failure to Pay Minimum Wage for All Hours Worked in Violation of California Law)**

3

74.     Plaintiffs incorporate by reference in this cause of action each allegation

4

of paragraphs 1 through 73 inclusive, as though fully set forth herein.

5

75.     Labor Code section 1194 and IWC Wage Order 16-2001 require

6

employers to pay employees at least minimum wage for all hours worked.

7

76.     Defendants routinely refused or failed to pay Plaintiffs and the members

8

of the Proposed Class for all hours they worked that qualified as compensable under California

9

law, including but not limited to time spent (i) gathering, loading, unloading, and transporting

10

tools and materials at the beginning and end of the workday, (ii) time spent traveling to and

11

from job locations, and (iii) time spent in mandatory work meetings.

12

77.     By refusing and failing to pay Plaintiffs and the members of the Proposed

13

Class for all compensable time they worked, Defendants failed not only to pay them the agreed-

14

upon rate but also failed to pay them at least the minimum wage for all hours worked.

15

Consequently, in addition to recovering the unpaid wages, Plaintiffs and the Proposed Class are

16

entitled to recover liquidated damages, interest, and attorneys' fees, pursuant to Labor Code

17

sections 218.5, 218.6, 1194 and 1194.2.

18

78.     In taking the above actions, Defendants acted with malice, fraud and

19

oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed

20

Class, entitling Plaintiff and the Proposed Class to an award of punitive damages.

21

22

## FIFTH CAUSE OF ACTION

23

**(Failure to Pay Prevailing Wages in Violation of California Law)**

24

79.     Plaintiffs incorporate by reference in this cause of action each allegation

25

of paragraphs 1 through 78 inclusive, as though fully set forth herein.

26

-20-

27

28

80.    Labor Code section 1771 provides as follows:

Except for public works projects of one thousand dollars ($ 1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works.

81.    Labor Code Section 1774 provides as follows: "The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract."

82.    During the course of their employment with Defendants, Plaintiffs and members of the Proposed Class worked on a number of projects that qualify as public work projects subject to Labor Code section 1771.  Defendants failed to pay Plaintiffs and members of the Proposed Class the prevailing wage rate for work done on these projects.

83.    Plaintiffs and the Proposed Class are therefore entitled to recover the difference between the actual wages paid for work performed on qualifying public works projects and the applicable prevailing wage rate(s).

## SIXTH CAUSE OF ACTION

### (Failure to Provide Meal Periods in Violation of California Law)

84.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 83 inclusive, as though fully set forth herein.

85.    California Labor Code section 226.7 prohibits an employer from requiring any employee to work during any meal mandated by an applicable IWC wage order.  Under Section 226.7, an employer that fails to provide an employee with a required meal period must pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal is not provided.

-21-

86. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

87. Section 11 of Wage Order No. 16 provides in relevant part that:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. . . (C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

88. Defendants failed to provide Plaintiffs and members of the Proposed Class with meal periods as required by law. Plaintiffs and the Proposed Class are therefore entitled to payment of additional wages and meal period premiums as provided by law plus interest, attorneys' fees and costs.

89. In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiffs and the Proposed Class to an award of punitive damages.

-22-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# SEVENTH CAUSE OF ACTION

**(Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)**

90.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 89 inclusive, as though fully set forth herein.

91.    Pursuant to California Labor Code section 226(a), employers must at the time of each payment of wages provide each employee with a wage statement itemizing, among other things: (1) gross wage earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the employee's name and social security number; (8) the employer's name and address of the legal entity that qualifies as the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

92.    California Labor Code section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Section 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

93.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiffs and the members of the Proposed Class in accordance with Labor Code section 226. Accordingly, Plaintiffs and the Proposed Class may recover the damages and penalties provided for under Labor Code Section 226(e) plus interest, attorneys' fees and costs.

-23-

94.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiffs and the Proposed Class to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### (Waiting Time Penalties)

95.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 94 inclusive, as though fully set forth herein.

96.    During the relevant time period, many Class Members, including Plaintiffs Erick Gallo and Angel Miramontes, ended their employment relationship with Defendants through either involuntary termination or resignation.  Defendants, however, willfully failed and refused to pay these persons either at the time of termination or within 72 hours of their resignation as required under California law.

97.    As a result of their failure to timely pay all wages owed at the time of termination or, as applicable, within 72 hours of resignation, Defendants owe waiting time penalties under Labor Code sections 201, 202 and 203 to Plaintiffs Gallo and Angel Miramontes and those members of the Proposed Class whose employment with Defendants ended.

## NINTH CAUSE OF ACTION

### (Failure to Reimburse Travel Costs and Other Business Expenses in Violation of California Law)

98.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 97 inclusive, as though fully set forth herein.

99.    California Labor Code section 2802 requires employers to reimburse employees for expenses they reasonably incur in performing their job duties.

-24-

100. Defendants required Plaintiffs and other members of the Proposed Class to travel to various job sites to perform their job duties, often requiring them to travel to job sites more than 100 miles from their primary assigned work site and often requiring that they travel to numerous different work sites throughout the day. Although Defendants required Plaintiffs and other members of the Proposed Class to use their own vehicles for this travel, Defendants' policy and practice for reimbursing business expenses either failed entirely to reimburse them for the expenses they incurred in connection with this travel (including the cost of gasoline, insurance, registration of the vehicle, and wear on the vehicle) or reimbursed only a flat amount that fell far short of compensating for the expenses Plaintiffs and the other members of the Proposed Class actually incurred.

101. Defendants' reimbursement policy violated California Labor Code section 2802. Plaintiffs and the Proposed Class are therefore entitled to reimbursement for the travel and other business expenses reasonably incurred in performing their job duties plus interest, attorneys' fees and costs.

102. In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiffs and the Proposed Class to an award of punitive damages.

**TENTH CAUSE OF ACTION**

**(Unfair Business Practices in Violation of California Business & Professions Code §§ 17200 et seq.)**

103. Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 102 inclusive, as though fully set forth herein.

104. Defendants' statutory and regulatory violations alleged herein constitute an unlawful business action and practice in violation of Business and Professions Code sections 17200 et seq.

-25-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

105.    Pursuant to Business and Professions Code sections 17200 *et seq.*, Plaintiffs and the Proposed Class are entitled to (i) restitution of the unpaid wages and overtime alleged herein that Defendants withheld and retained during the period commencing four years prior to the filing of this action, (ii) a permanent injunction requiring prohibiting further violations of the type alleged herein for the period commencing four years, (iii) an award of attorneys' fees pursuant to applicable law, (iv) and costs.

### ELEVENTH CAUSE OF ACTION

**(Violation of the Family Medical Leave Act — Plaintiff Erick Gallo Against All Defendants)**

106.    Plaintiff Gallo incorporates by reference in this cause of action each allegation of paragraphs 1 through 105 inclusive, as though fully set forth herein.

107.    The Family Medical Leave Act ("FMLA"), 29 U.S.C section 2601 et seq., provides eligible employees the right to take up to 12 weeks of leave for certain qualifying conditions, including time off of work to spend with a newborn child. The FMLA makes it unlawful for an employer to interfere with an employee's rights under the FMLA or to deny an employee his or her rights under the FMLA.

108.    At the time Plaintiff Gallo requested leave in August 2007 to spend time with his newborn child, he qualified for 12 weeks of leave under the FMLA. In denying Plaintiff Gallo the requested leave and thereafter terminating him, in whole or in part due to his request for leave, Defendants violated the FMLA.

109.    As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff Gallo suffered damages and continues to suffer damages, including but not limited to economic injury and loss, and the loss of his employment and the resulting damages he incurred as a result.

-26-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    110.    In taking these actions, Defendants acted willfully and in reckless

2    disregard of Plaintiff Gallo's rights.

3                              **TWELFTH CAUSE OF ACTION**

4

5    **(Violation of the California Family Rights Act — Plaintiff Erick Gallo Against All Defendants)**

6    111.    Plaintiff Gallo incorporates by reference in this cause of action each

7    allegation of paragraphs 1 through 110 inclusive, as though fully set forth herein.

8    112.    The California Family Rights Act ("CFRA"), California Government

9    Code section 12945.2, provides eligible employees the right to take up to 12 weeks of leave for

10   certain qualifying conditions, including time off of work to spend with a newborn child.  The

11   CFRA makes it unlawful for an employer to deny an eligible employee leave for which he or

12   she qualifies under the CFRA or to discriminate against an employee because he or she sought

13   to exercise rights under the CFRA.

14   113.    At the time Plaintiff Gallo requested leave in August 2007 to spend time

15   with his newborn child, he qualified for 12 weeks of leave under the CFRA.  In denying

16   Plaintiff Gallo the requested leave and thereafter terminating him, in whole or in part due to his

17   request for leave, Defendants violated the CFRA.

18   114.    As a direct and proximate result of Defendants' unlawful actions in this

19   regard, Plaintiff Gallo suffered damages and continues to suffer damages, including but not

20   limited to emotional distress, economic injury and loss, and the loss of his employment and the

21   resulting damages he incurred as a result.

22   115.    In taking these actions, Defendants acted with malice, fraud and

23   oppression, and in reckless disregard of Plaintiff Gallo's rights entitling him to an award of

24   punitive damages.

25

26

27                                        -27-

28

# THIRTEENTH CAUSE OF ACTION

**(Termination in Violation of California Fundamental Public Policy —Plaintiffs Erick Gallo and Angel Miramontes Against All Defendants)**

116.    Plaintiff Erick Gallo and Angel Miramontes incorporate by reference in this cause of action each allegation of paragraphs 1 through 115 inclusive, as though fully set forth herein.

117.    Defendant terminated Plaintiff Gallo because of his opposition to Defendants' unlawful pay practices, as alleged herein, and because of his request for a qualifying leave under the FMLA and CFRA.  In doing so, Defendants violated the fundamental, substantial and well-established public policies of the state of California as embodied in its Statutes and Constitution and in federal statutes.

118.    Defendant terminated Plaintiff Angel Miramontes because of his opposition to Defendants' unlawful pay practices, as alleged herein.  In doing so, Defendants violated the fundamental, substantial and well-established public policies of the state of California as embodied in its Statutes and Constitution and in federal statutes.

119.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs Gallo and Miramontes suffered damages and continue to suffer damages, including but not limited to emotional distress, economic injury and loss, the loss of employment and the resulting damages incurred as a result.

120.    In taking these actions, Defendants acted with malice, fraud and oppression, and in reckless disregard of the rights of Plaintiffs Gallo and Miramontes entitling them to an award of punitive damages.

-28-

## DEMAND FOR JURY TRIAL

121.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of the Collective Class and Proposed Class demand a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves, the Collective Class and the Proposed, request judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

A.    That the Court certify this action as a class action on behalf of the proposed class;

B.    That the Court find that Defendants violated the overtime provisions of the Fair Labor Standards Act as to Plaintiffs and the Collective Class;

C.    That the Court find that Defendants violated the California Labor Code and IWC Wage Orders as to Plaintiffs and the Proposed Class;

D.    That the Court find that Defendants willfully failed to provide Plaintiffs and the Proposed Class the itemized wage statements required under California Labor Code section 226;

E.    That the Court find that Defendants violated provisions of the Labor Code and Wage Orders regarding meal periods as to Plaintiffs and the Proposed Class;

F.    That the Court find willful the violations described above;

G.    That Plaintiffs and the Proposed Class receive an award in the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

H.    That Plaintiffs and the Proposed Class receive an award of punitive damages against Defendants;

-29-

1        I.    That the Court enjoin Defendants and order them to pay restitution to

2    Plaintiffs and the Proposed Class due to Defendants' unlawful activities, pursuant to Business

3    and Professions Code sections 17200-05;

4        J.    That the Court further enjoin Defendants to cease and desist from

5    unlawful activities in violation of California Business and Professions Code section 17200;

6        K.    That the Court find that Defendants have violated sections 201, 202 and

7    203 of the California Labor Code for willful failure to pay all compensation owed at the time of

8    separation to Plaintiffs and members of the Proposed Class no longer working for Defendants;

9        L.    That the Court award Plaintiffs and the Proposed Class reasonable

10    attorneys' fees and costs pursuant to applicable law;

11        M.    That the Court grant such other and further relief, in law or equity, as the

12    Court deems appropriate and just; and

13        N.    As to the claims they assert individually and not on behalf of the

14    Proposed Class, Plaintiffs Erick Gallo and Angel pray for judgment against Defendants, for

15    general and special damages, for liquidated damages and punitive damages, for attorneys' fees

16    and costs, for interest on all sums at the maximum legal rate, and for such other relief as the

17    Court deems just and proper.

18    Dated: April 2, 2008                 RUKIN HYLAND DORIA & TINDALL LLP

19

20                                  By:_____

21                                       John F. Hyland

22                                GULLEDGE LAW GROUP
                                 Linda Gulledge

23                                     Kelly Woody Gulledge

24                                   Attorneys for Individual
                           and Representative Plaintiffs

25                                   ERICK GALLO, ARMANDO GUTIERREZ,
                           ANGEL MIRAMONTES, ANTONIO

26                                   MIRAMONTES,  LUIS MIRAMONTES, and
                           MANUEL MONTES

27                             -30-

          CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149337    — SH**

**April 02, 2008
14:18:16**

**Civ Fil Non-Pris**
USAO #.: 08CV0604-J
Amount.:                    $350.00 CK
Check#.: BC3015518

**Total—>  $350.00**

FROM: GUTIERREZ ET AL V. MASCO CORP

ORIGINAL

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

| (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| llo, Erick; Gutierrez, Armando; Miramontes, Angel; Miramontes, onio; Miramontes, Luis; and Montes, Manuel | Masco Corporation, Masco Services Group Corp, Guy Evans Inc., Builder Services Group, Inc. |

**(b)** County of Residence of First Listed Plaintiff  **Imperial**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Imperial
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 CV 604   J   CAB

BY FAX

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
n Hyland, Rukin Hyland Doria & Tindall LLP, 100 Pine Street, te 725, San Francisco, CA 94111

Attorneys (If Known)

## BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 10 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 20 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| 30 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| 40 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| 50 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| 51 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| 52 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| 53 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| 60 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| 90 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| 95 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| 96 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| 0 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| 0 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| 0 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| 0 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| 5 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| 0 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## ORIGIN   (Place an "X" in One Box Only)

- ☒ Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Sections 201, et seq.
Brief description of cause:
Failure to pay overtime wages.

**REQUESTED IN COMPLAINT:**   ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ Yes  ☐ No

**RELATED CASE(S) IF ANY**   (See instructions):    JUDGE    DOCKET NUMBER

SIGNATURE OF ATTORNEY OF RECORD

4/02/2008

**OFFICE USE ONLY**

RECEIPT # 149337   AMOUNT $350   APPLYING IFP    JUDGE    MAG. JUDGE

See  4/2/08