1    RUKIN HYLAND DORIA & TINDALL LLP
     John F. Hyland (Cal. Bar No. 178875)
2    100 Pine Street, Suite 725
     San Francisco, California 94111
3    Telephone: (415) 421-1800
     Facsimile: (415) 421-1700
4

5    GULLEDGE LAW GROUP
     Linda Gulledge (Cal Bar No. 196862)
6    Kelly Woody Gulledge (Cal. Bar No. 234255)
     1190 South Victoria Avenue, Suite 208
7    Ventura, California 93003
     Telephone: (805) 642-1972
8    Facsimile: (805) 642-1933

9
     Attorneys for Individual and Representative Plaintiffs
10   ERICK GALLO, ARMANDO GUTIERREZ,
     ANGEL MIRAMONTES, ANTONIO MIRAMONTES,
11   LUIS MIRAMONTES, MANUEL MONTES, and SAMUEL
     ALVAREZ HARO
12

13                UNITED STATES DISTRICT COURT

14              SOUTHERN DISTRICT OF CALIFORNIA

15

16   ERICK GALLO, ARMANDO          CASE NO. 3:08 CV 604 J CAB
17   GUTIERREZ, ANGEL
     MIRAMONTES, ANTONIO           CLASS ACTION
18   MIRAMONTES, LUIS
     MIRAMONTES, MANUEL            FIRST AMENDED COMPLAINT FOR
19   MONTES, and SAMUEL ALVAREZ    DAMAGES AND INJUNCTIVE RELIEF
20   HARO, individually, on behalf of all
     others similarly situated, and on behalf   1.   Failure to Pay Overtime Wages in
21   of the general public,         Violation of the FLSA (29 U.S.C. §§ 201, et
     Plaintiffs,                     seq.)
22                                   2.   Failure to Pay Overtime Wages in
                                     Violation of California Law (Lab. Code
23   vs.                            §§ 501, 1194, 1198, Wage Order 16-2001)
                                     3.   Failure to Pay Reporting Time Wages in
24   MASCO CORPORATION, a           Violation of California Law (Wage Order 16)
     corporation, MASCO SERVICES    4. Failure to Pay Minimum Wage for All
25   GROUP CORPORATION, a           Hours Worked in Violation of California Law
     corporation, GUY EVANS, INC., a   (Lab. Code § 1194, Wage Order 16-2001)
26   corporation, BUILDER SERVICES  5.   Failure to Pay Prevailing Wages in
     GROUP, INC., a corporation, and   Violation of California Law (Lab. Code
27   DOES 1 through 20, inclusive   §§ 1771, 1774)
     Defendants.                    6.   Failure to Provide Meal Periods in
28                                   Violation of California Law (Lab. Code
                                     §§ 226.7, 512, Wage Order 16)

7.    **Failure to Provide Accurate Itemized Wage Statements in Violation of California Law (Lab. Code § 226)**
8.    **Waiting Time Penalties (Lab. Code §§ 201-203)**
9.    **Failure to Reimburse Travel Costs and Other Business Expenses in Violation of California Law (Lab. Code § 2802)**
10.    **Unfair Business Practices in Violation of California Business & Professions Code (Bus. & Prof. Code §§ 17200, et seq.)**
11.    **Violation of the Family Medical Leave Act (Plaintiff Gallo Only) (29 U.S.C. §§ 2601, et seq.)**
12.    **Violation of the California Family Rights Act (Plaintiff Gallo Only) (Gov't Code §§ 12945.1, et seq.)**
13.    **Termination in Violation of California Fundamental Public Policy (Plaintiffs Gallo and Angel Miramontes Only)**

**DEMAND FOR JURY TRIAL**

Individual and Representative Plaintiffs Erick Gallo, Armando Gutierrez, Angel Miramontes, Antonio Miramontes, Luis Miramontes, Manuel Montes, and Samuel Alvarez Haro (collectively, ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain against Defendants Masco Corporation, Masco Services Group Corporation, Guy Evans, Inc., Builder Services Group, Inc., and Does 1 through 20 (collectively, "Defendants") as follows:

## THE PARTIES

1.    Erick Gallo is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in July, 2001, until he was terminated on August 31, 2007. During his employment with Defendants, Mr. Gallo worked as a carpenter and installer, at various locations, including El Centro, California.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2.      Armando Gutierrez is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in approximately April 2005. During his employment with Defendants, Mr. Gutierrez worked as an Installer and Carpenter, at various locations, including El Centro and San Diego.

3.      Angel Miramontes is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in approximately December 2003, until he was terminated on August 27, 2007.  During his employment with Defendants, Angel Miramontes worked as an Installer, and was promoted to Foreman for Finish Carpenters. He worked at various locations, including Indio, El Centro, Calexico, Imperial, Brawley, Calipatria, and Heber.  At the time of his termination, Angel Miramontes was the most senior Foreman.

4.      Antonio Miramontes is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in approximately October 2003. During his employment with Defendants, Antonio Miramontes worked as an Installer and Carpenter at various locations, including El Centro, San Diego and Blythe.

5.      Luis Miramontes is, and during all relevant times was, a resident of Imperial County, and was employed by Defendants beginning in approximately June 2003. During his employment with Defendants, Luis Miramontes worked as an Installer, at various locations, including El Centro.

6.      Manuel Montes is, and during all relevant times was, a resident of Imperial County.  He was employed by Defendants in their office in Indio, California, between approximately March 22, 2005, and October 2005; he resigned his position because among other reasons, Defendants refused to reimburse work-related travel expenses.  Thereafter, in May 2006, Mr. Montes was rehired to work in Defendants' El Centro office.  He resigned his position in September 2007, because Defendants again refused to reimburse his work-related travel expenses. During both terms of his employment with Defendants, Mr. Montes worked as

-3-

1    a garage door installer at various locations, in and around Indio, El Centro, Calexico, Imperial,

2    Brawley, Calipatria, and Heber.

3                7.    Samuel Alvarez Haro is, and during all relevant times was, a resident of

4    Imperial County. He worked for Defendants beginning in approximately March 2006 and

5    continuing until his resignation in March 2008. During his employment with Defendants,

6    Mr. Alvarez worked as an Installer, at various locations, including Blythe, Indio, and San Diego.

7                8.    Plaintiffs are informed and believe and thereon allege that Masco

8    Corporation is a corporation, that at all relevant times conducted business in Imperial County,

9    California. At all times relevant to the allegations in this complaint, Masco Corporation

10   operated a new construction and construction services business.

11               9.    Plaintiffs are informed and believe and thereon allege that Masco

12   Services Group Corporation is a corporation, that at all relevant times conducted business in

13   Imperial County, California. At all times relevant to the allegations in this complaint, Masco

14   Services Group Corporation operated a new construction and construction services business.

15               10.   Plaintiffs are informed and believe and thereon allege that Guy Evans,

16   Inc. is a corporation, that at all relevant times conducted business in Imperial County,

17   California. At all times relevant to the allegations in this complaint, Guy Evans, Inc. operated a

18   new construction and construction services business.

19               11.   Plaintiffs are informed and believe and thereon allege that Builder

20   Services Group, Inc. is a corporation, that at all relevant times conducted business in Imperial

21   County, California. At all times relevant to the allegations in this complaint, Builder Services

22   Group, Inc. operated a new construction and construction services business.

23               12.   Defendants Does 1-50, inclusive, are sued herein under fictitious names.

24   Their true names and capacities are unknown to Plaintiffs. When their true names and

25   capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and

26   capacities herein. Plaintiffs are informed and believe and thereon allege that each of the

27

28

-4-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    fictitiously-named defendants is responsible in some manner for the occurrences herein alleged,

2    and that the damages of Plaintiffs and the Class Members herein alleged were proximately

3    caused by such Defendants.

4        13.    Plaintiffs are informed, believe, and thereon allege that each of the

5    Defendants herein was, at all times relevant to this action, the agent, employee, representing

6    partner, and/or joint venture of the remaining Defendants and was acting within the course and

7    scope of the relationship.  Plaintiffs are further informed, believe, and thereon allege, that each

8    of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the

9    remaining Defendants.

10   

11   <center>**JURISDICATION AND VENUE**</center>

    14.    The First and Eleventh Causes of Action arise under the laws of the

12   United States.  Thus, this Court has original jurisdiction, pursuant to 28 U.S.C. section 1331.

13       15.    Plaintiffs' other Causes of Action are so related to Plaintiffs' First and

14   Eleventh Causes of Action, which are within this Court's original jurisdiction, that they form

15   part of the same case or controversy.  Thus, this Court has supplemental jurisdiction, pursuant to

16   28 U.S.C. section 1337(a).

17       16.    Venue in this District is proper, pursuant to 28 U.S.C. section 1391(b),

18   because a substantial part of Defendants' unlawful conduct occurred in Imperial and San Diego

19   Counties, Defendants conduct substantial business in Imperial and San Diego Counties, a

20   substantial part of the transactions at issue took place in Imperial and San Diego Counties, and

21   Defendants' liability arose in substantial part in Imperial and San Diego Counties.

22   

23   

24   

25   

26   

<center>-5-</center>

27   

28

## FACTUAL ALLEGATIONS

### Expense Reimbursement Policies and Practices

17.    Defendants required Plaintiffs and other similarly situated employees to drive their personal vehicles to work sites and to other locations as part of their job and in the course of performing job duties, such as delivering or retrieving materials, delivering or retrieving tools, and transporting other employees.

18.    In using their personal vehicles for these business-related purposes, Plaintiffs and other similarly situated employees incurred costs, including the cost of purchasing gasoline, the cost of maintaining insurance and registering their vehicles, the cost of servicing and maintaining their vehicles, and the wear on and depreciation of their vehicles.

19.    Defendants consistently and as a matter of policy failed to reimburse Plaintiffs and other similarly situated employees for the costs incurred in using their vehicle either by failing to reimburse Plaintiffs and other similarly situated employees in an amount equal to the costs incurred, or arbitrarily establishing reimbursement amounts unrelated to and less than the actual expenditures.

20.    On numerous occasions after submitting the required documentation and expense reimbursement request, Plaintiffs and other similarly situated employees received no expense reimbursement from Defendants but instead received a check from Randy Nelson, Division Manager, drawn on his personal account which he represented as expense reimbursement.  However, Mr. Nelson regularly paid Plaintiffs and other similarly situated employees less than the amount of the expense actually incurred and less than the amount of the particular expense reimbursement request.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## Requirement that Employees Work Off-the-Clock

21.     Defendants routinely and as a matter of policy required that Plaintiffs and other similarly situated employees perform work for which Defendants did not compensate them. The uncompensated work includes, but is not limited to the following:

(a).     Defendants required that Plaintiffs and other similarly situated employees first report to Defendants' El Centro or Indio facility to gather and load materials, supplies, and tools and to perform other duties in preparation for the on-site work that day. Defendants refused to pay Plaintiffs and other similarly situated employees for this time even though these preparatory tasks took between 15 and 45 minutes.

(b).     At the end of the work day, Defendants required that Plaintiffs and other similarly situated employees perform certain clean-up and related tasks. Although these tasks sometimes required that Plaintiffs and other similarly situated employees work beyond the scheduled end time – 3:15 p.m. or 3:30 p.m. – Defendants refused to pay Plaintiffs and other similarly situated employees for this additional time and insisted that it need only pay Plaintiffs until the scheduled end time.

(c).     Plaintiffs and other similarly situated employees often reported to the assigned work location before or at the scheduled start time but upon arrival received notice from Defendants that they could not begin working until the job supervisor or foreman arrived, or certain required materials or tools arrived. Despite Plaintiffs' and other similarly situated employees' arrival at the scheduled start time and their readiness and willingness to work, Defendants refused to pay Plaintiffs and other similarly situated employees for the time spent waiting for persons, materials, or tools to arrive.

(d).     On a number of occasions Plaintiffs and other similarly situated employees received express directives from Randy Nelson and supervisor Ruben Holquin, that they could not report the full amount of hours worked that day. Mr. Nelson or Mr. Holquin would either provide no explanation with the directive or would explain that Plaintiffs and other similarly

-7-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

situated employees could not report all hours worked because they should have completed their duties in less time than it actually took, or that the budget for a particular project or job did not have sufficient funding for the additional time. Plaintiffs and other similarly situated employees did as directed and thereby under-reported the total hours they actually worked. As a result, they did not receive pay for all hours worked.

(e).    Plaintiffs and other similarly situated employees submitted timesheets that accurately recorded their hours worked. When they received their paychecks for those reported hours, however, the wage statements and pay amounts did not accurately reflect all hours worked and reported. As a result, Plaintiffs and other similarly situated employees did not receive compensation for all hours worked.

### Meal Period Practices

22.    Defendants improperly denied Plaintiffs and other similarly situated employees a full thirty minute duty-free meal period during each five hours of work in compliance with California law.

23.    On workdays in which Plaintiffs and other similarly situated employees worked more than ten hours, Defendants frequently failed to provide a second meal period in compliance with California law.

### Failure to Pay Reporting Time Pay

24.    Throughout the relevant time period, Defendants conducted "safety" and "foreman" meetings at which management discussed work-related matters, including workplace safety and information about current or upcoming projects. The "safety" meetings took place at Defendants' offices in Indio and El Centro and generally ran about 15 to 20 minutes. The "foreman" meetings generally ran two to three hours.

25.    Defendants required that all employees attend the "safety" meetings, and that leads and foreman attend the "foreman" meetings. Defendants required all employees to

-8-

attend even when employees were not scheduled to work, when Defendants had no work to assign employees, or employees had elected not to work. Defendants refused to pay Plaintiffs and other similarly situated employees who reported to work solely to attend the meeting (as required) for the time spent at the meeting or any other amount.

### Retaliation

26.     Beginning in or about August of 2007, Plaintiff Gallo spoke to Randy Nelson and Ruben Holquin on a number of occasions in which he raised questions about and objected to a number of Defendants' pay and expense reimbursement practices.

27.     At the end of most work days, Plaintiff Angel Miramontes spent several minutes to more than an hour contacting his crew members to disseminate the next days' work location and schedule, however Defendants refused to pay him for this work. Beginning sometime in 2006, Plaintiff Angel Miramontes began complaining to Randy Nelson and Ruben Holquin about not receiving compensation for this time and for the time he spent at the start of each workday assigning employees work locations. Plaintiff Angel Miramontes also repeatedly complained to Randy Nelson and Ruben Holquin about not getting paid for travel time and not getting reimbursed for travel expenses.

28.     Both at the time that Plaintiff Gallo and Plaintiff Angel Miramontes raised their complaints and thereafter, Nelson and Holquin exhibited hostility toward them.

29.     Beginning in or about August of 2007, Randy Nelson responded to questions and complaints that employees raised at meetings concerning wages or expense reimbursement by urging them to quit if they had a problem with Defendants' practices and that they (Nelson and Ruben Holquin) would simply "bring in more guys from Mexicali." At a meeting at the end of the workday on or about August 31, 2007, Nelson and Holquin stated to employees that they knew that the employees had spoken with legal counsel regarding Defendants' pay practices. Nelson and Holquin suggested that the employees "go ahead" and

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  file a lawsuit, and threatened that while they "might recover some money" they would lose their

2  jobs and have no work

3          30.    On August 31, 2007, Defendants terminated Plaintiff Gallo and Plaintiff

4  Angel Miramontes. Although they claimed that they had to terminate them for lack of work, in

5  fact Defendants had ample work to assign Plaintiffs Gallo and Angel Miramontes. Defendants

6  based their decision to terminate Plaintiffs Gallo and Angel Miramontes not on the amount of

7  work but because of Gallo's and Angel Miramontes' repeated objections to Defendants' illegal

8  pay practices, their insistence that Defendants  pay them and other similarly situated employees

9  all amounts owed, Plaintiffs Gallo's and Angel Miramontes' discussions with other employees

10 regarding their wages and Defendants' illegal pay practices, and, as to Plaintiff Gallo, because

11 of his request to take leave to spend time with his newborn child (as alleged below).

12                          **Prevailing Wage Claim**

13          31.    Throughout the period during which Plaintiffs and other similarly situated

14 employees have worked for Defendants, and during the period relevant to the claims asserted in

15 this Complaint, Defendants secured contracts with federal, state, and local government agencies,

16 subject to federal and California prevailing wage laws. Plaintiffs and other similarly situated

17 employees worked on these prevailing wage assignments on a number of occasions and for

18 various lengths of time.

19          32.    Although Plaintiffs and other similarly situated employees noted on each

20 time card the particular job assignment(s) worked each workday and the hours worked at each

21 assignment, and in some cases expressly identified particular assignments as prevailing wage

22 jobs, Defendants failed to pay them the appropriate prevailing wage for all hours worked on that

23 assignment. Similarly, on some occasions Defendants intentionally misstated or misclassified

24 the job classification Plaintiffs and other similarly situated employees held while working on

25 prevailing wage projects. For example Defendants misclassified Plaintiff Angel Miramontes as

26

27                                  -10-

28

an installer, when in fact, he worked as a foreman on the projects. On some occasions, Defendants' supervisors notified one or more of the Plaintiffs and other similarly situated employees that they would not receive the prevailing wage rate even though they had worked on a prevailing wage job assignment. Moreover, Defendants' supervisors notified one or more of the Plaintiffs and other similarly situated employees that Defendants would pay them an hour of overtime based on their regular (non-prevailing wage) rate instead of the prevailing wage applicable to that project.

### Forfeiture of Accrued, Unused Vacation

33.    In approximately May 2007, Defendant Masco acquired Defendant Guy Evans. As a consequence of this acquisition, Defendant Guy Evans terminated Plaintiffs' and other similarly situated employees' employment. Notwithstanding the termination of employment, Defendants failed to pay all terminated employees the full amount of accrued and unused vacation they had remaining as of the termination date.

### Denial of Plaintiff Gallo's Request for Leave

34.    On July 9, 2007, Plaintiff Gallo's wife gave birth to their second child. On August 29, 2007, Plaintiff Gallo contacted the human resources representative (Veronica [last name unknown]) in Defendants' offices in Indio, California to request time off to spend with his wife and newborn child. He requested three months of leave. Veronica responded that the company would not pay Plaintiff Gallo for any time off and that she would first have to check with the corporate offices in Florida before granting any leave.

35.    Plaintiff Gallo responded that he understood that Defendants would not pay him while on leave. Plaintiff Gallo explained that he simply wanted to ensure that Defendants would hold his position for him while on leave so that he would have a job upon returning from leave. Veronica told Plaintiff Gallo that she would contact him after she had

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   spoken with the corporate office. Neither she nor anyone else asked Plaintiff Gallo to submit

2   any documents or fill out any forms regarding his leave request. Veronica did not contact

3   Plaintiff Gallo again, and no one else spoke with him about his request for leave.

4        36.    On August 30, 2007, Ruben Holguin called Plaintiff Gallo at Gallo's

5   home and asked him to report to work the next day at 6:45 a.m. When Plaintiff Gallo arrived on

6   August 31, 2007, Ruben Holguin and Randy Nelson notified him that Defendants had decided

7   to terminate his employment. During the meeting, Nelson told Plaintiff Gallo that Defendants

8   did not have enough work for him and they gave him his final paycheck.

9        37.    On February 28, 2008, Plaintiff Gallo filed a charge with the California

10  Department of Fair Employment & Housing ("DFEH") – requesting that the Department

11  concurrently file the charge with the United States Equal Employment Opportunity Commission

12  – concerning Defendants' refusal to grant him leave and his subsequent termination. On or

13  about March 18, 2008, the DFEH issued Plaintiff Gallo a right-to-sue notice.

14

15  ### COLLECTIVE ACTION ALLEGATIONS

16       38.    Plaintiffs bring this action on behalf of themselves and other employees

17  similarly situated as authorized under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section

18  216(b). The employees similarly situated include all of the following:

19          Plaintiffs and all other persons who are or have been employed by

20          Defendants, or any one of them, as Installers, Garage Door
            Installers, Baseboard Installers, Leads, Foreman at Defendants'
            locations in Indio, Calexico, Heber, El Centro, Brawley, Imperial,

21          or Calipatria from January 2004 to the present

22          Plaintiffs and all other persons who were terminated from
            employment with Defendant Guy Evans, Inc. in connection with

23          Defendant Masco Corporation's acquisition of Defendant Guy

24          Evans, Inc. in approximately May 2007

25

26

27

28

39. Upon information and belief Plaintiffs allege that Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendants knew that Plaintiffs and the Collective Class, performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

42. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

43. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, the Court should order distribution of notice of this action to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, and Defendants can readily identify these individuals through Defendants' records.

## CLASS ACTION ALLEGATIONS

44. Plaintiffs brings this action on behalf of themselves and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> Plaintiffs and all other persons who are or have been employed by Defendants, or any one of them, as Installers, Garage Door Installers, Baseboard Installers, Leads, Foreman at Defendants' locations in Indio, Calexico, Heber, El Centro, Brawley, Imperial, or Calipatria from January 2004 to the present.

-13-

Plaintiffs and all other persons who were terminated from employment with Defendant Guy Evans, Inc. in connection with Defendant Masco Corporation's acquisition of Defendant Guy Evans, Inc. in approximately May 2007 (the "Proposed Class").

45.    Numerosity:   The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.

46.    Typicality:    Plaintiffs' claims are typical of the members of the Proposed Class in that Defendants acted uniformly with respect to Plaintiffs and all members of the Proposed Class and subjected all of them to the same unlawful pay practices set forth in this Complaint.

47.    Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation such as this where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against large corporate defendants and where those plaintiffs reasonably fear retaliation as a consequence of doing so.

48.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and they have retained counsel experienced in complex wage and hour class and collective action litigation.

49.    Commonality: Common questions of law and fact exist as to all members of the Proposed Class and predominate over any questions that affect only individual class members.  The common questions of law and fact include, but are not limited to:

(a)    Whether the Defendants violated the FLSA by failing to pay Plaintiffs and members of the Proposed Class at the overtime rate for all hours worked in excess of 40 in a workweek;

(b)    Whether the Defendants violated the California Labor Code and applicable IWC Wage Orders by failing to pay Plaintiffs and members of the Proposed Class appropriate overtime wages at the applicable rates;

-14-

(c) Whether the Defendants violated the California Labor Code and applicable IWC Wage Orders by failing to pay Plaintiffs and members of the Proposed Class reporting time pay as required;

(d) Whether the Defendants violated the California Labor Code and applicable IWC Wage Orders by failing to pay Plaintiffs and members of the Proposed Class minimum wage for all hours worked;

(e) Whether Defendants violated Labor Code section 226 by failing to provide adequate itemized wage statements to Plaintiffs and members of the Proposed Class;

(f) Whether the Defendants violated the Labor Code and applicable IWC Wage Orders by failing to provide Plaintiffs and members of the Proposed Class with thirty-minute duty-free meal periods as required under California law;

(g) Whether Defendants violated Labor Code sections 201, 202, and 203 by failing to timely pay all wages due and owing to Plaintiffs Erick Gallo, Plaintiff Angel Miramontes, and all other members of the Proposed Class whose employment with Defendants has terminated;

(h) Whether Defendants violated Labor Code section 2802 by failing to reimburse Plaintiffs and members of the Proposed Class for all expenses reasonably incurred in connection with the performance of their job duties;

(i) Whether Defendants violated the Labor Code by failing to pay Plaintiffs and members of the Proposed Class at the prevailing wage rate for work performed on qualifying public works projects;

(j) Whether Defendants violated Business & Professions code section 17200, *et seq*, by engaging in the acts alleged herein; and

(k) Whether Plaintiffs and members of the Proposed Class are entitled to equitable relief pursuant to Business & Professions code section 17200, *et seq*.

-15-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    50.    <u>Public Policy Considerations</u>: When employers violate state wage and
2    hour laws in the manner and to the extent as alleged in this action, a fear of direct or indirect
3    retaliation often dissuade current employees from asserting their rights. Former employees
4    often fear pursuing their rights due to a perception that their former employers can frustrate their
5    efforts to find future employment through negative references and other means. Class actions
6    provide the class members not named in the complaint with a type of anonymity that allows for
7    vindication of their rights.

8    51.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)
9    because prosecution of actions by or against individual members of the Proposed Class would
10    result in inconsistent or varying adjudications and create the risk of incompatible standards of
11    conduct for Defendants. Further, adjudication of each individual member's claim as separate
12    action would be dispositive of the interest of other individuals not party to this action, impeding
13    their ability to protect their interests.

14    52.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3)
15    because questions of law and fact common to the Proposed Class predominate over any
16    questions affecting only individual members of the Proposed Class, and because a class action is
17    superior to other available methods for the fair and efficient adjudication of this litigation.
18    Defendants' common and uniform policies and practices denied the Proposed Class the
19    overtime pay to which they are entitled. The damages suffered by the individual Proposed Class
20    members are small compared to the expense and burden of individual prosecution of this
21    litigation. In addition, class certification is superior because it will obviate the need for unduly
22    duplicative litigation that might result in inconsistent judgments about Defendants' practices.

23    53.    Plaintiffs intend to send notice to all members of the Proposed Class to
24    the extent required by Rule 23. Defendants have available the names and addresses of the
25    members of the Proposed Class.

26
27                                                    -16-
28

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)

54.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 52 inclusive, as though fully set forth herein.

55.    Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. section 216(b). Plaintiffs attach their written consent forms to this complaint. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

56.    At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. section 203. At all relevant times, each Defendant has employed and continues to employ employees, including Plaintiffs and the members of the Collective Class. At all relevant times, upon information and belief each Defendant has had gross operating revenues in excess of $500,000.00.

57.    The FLSA requires covered employers, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

58.    During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other members of the Collective Class worked in excess of forty hours per workweek. Despite the hours worked by these individuals, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

59.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and members of the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their

1  wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29

2  U.S.C. sections 201, *et seq.*

3         60.    The foregoing conduct, as alleged, constitutes a willful violation of the

4  FLSA, within the meaning of 29 U.S.C. section 255(a).

5         61.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages

6  in the amount of their respective unpaid overtime compensation, liquidated damages from three

7  years immediately preceding the filing of this action, plus interests and costs as allowed by law,

8  pursuant to 29 U.S.C. sections 216(b) and 255(a), and such other legal and equitable relief as the

9  Court deems just and proper.

10         62.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery

11  of their attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. section 216(b).

12

13

14  <div align="center">**SECOND CAUSE OF ACTION**</div>

15  <div align="center">**(Failure to Pay Overtime Wages in Violation of California Law)**</div>

16         63.    Plaintiffs incorporate by reference in this cause of action each allegation

17  of paragraphs 1 through 61 inclusive, as though fully set forth herein.

18         64.    Pursuant to California Labor Code section 510, employees in California

19  earn overtime pay after working eight (8) hours in a day and/or forty (40) hours in a week.

20         65.    Labor Code section 1198 prohibits an employer from employing persons

21  for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under

22  conditions prohibited by the applicable wage orders of the IWC. Wage Order No. 16 applies (or

23  applied) to Plaintiffs and all other current and former employees of Defendants described as

24  members of the class.

25         66.    At all times relevant hereto, Wage Order No. 16 has provided:

26

27  <div align="center">-18-</div>

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28

1    (a) an employee who works more than forty hours in a week must
receive overtime compensation at the rate of one and one-half times

2    his or her regular hourly rate for each overtime hour worked; and
(b) an employee who works more than eight hours in a day must

3    receive overtime compensation at the rate of one and one-half times
his or her regular hourly rate for hours worked in excess of eight

4    hours per day and at a rate of two times his or her hourly rate for

5    hours worked in excess of twelve hours per day.

6        67.    During their employment with Defendants, within the applicable statute

7    of limitations, Plaintiffs and the other members of the Proposed Class worked, on average, more

8    than eight hours per day and more than 40 hours per week.  Despite the hours worked by these

9    individuals, Defendants willfully, in bad faith, and in knowing violation of the California Labor

10   Code, failed and refused to pay them overtime compensation.

11       68.    Pursuant to California Labor Code section 1194, Plaintiffs and the other

12   members of the Proposed Class are entitled to recover their unpaid overtime compensation plus

13   interest, attorneys' fees and costs.

14       69.    In taking the above actions, Defendants acted with malice, fraud and

15   oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed

16   Class, entitling Plaintiff and the Proposed Class to an award of punitive damages.

17

18   **THIRD CAUSE OF ACTION**

19

20   **(Failure to Pay Reporting Time Wages in Violation of California Law)**

21       70.    Plaintiffs incorporate by reference in this cause of action each allegation

22   of paragraphs 1 through 68 inclusive, as though fully set forth herein.

23       71.    Section 5(A) of Wage Order No. 16 provides that:

24   Each workday an employee is required to report for work and does
report, but is not put to work or is furnished less than half said

25   employee's usual or scheduled day's work, the employee shall be
paid for half the usual or scheduled day's work, but in no event for

26   less than two (2) hours nor more than four (4) hours, at the

27   -19-

28

employee's regular rate of pay, which shall not be less than the minimum wage.

72.    As alleged herein, Defendants required Plaintiffs and the members of the Proposed Class to report to work to attend meetings on days on which Defendants had not scheduled them to work and on which Defendants did not provide them any work.  On those occasions when Defendants did so, they failed to pay them for the time spent at the meeting.

73.    Defendants' actions violated Section 5(A) of Wage Order No. 16, and Plaintiffs and the members of the Proposed Class are therefore entitled to payment of additional wages as provided by law plus interest, attorneys' fees and costs.

74.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiff and the Proposed Class to an award of punitive damages.

## FOURTH CAUSE OF ACTION

**(Failure to Pay Minimum Wage for All Hours Worked in Violation of California Law)**

75.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 73 inclusive, as though fully set forth herein.

76.    Labor Code section 1194 and IWC Wage Order 16-2001 require employers to pay employees at least minimum wage for all hours worked.

77.    Defendants routinely refused or failed to pay Plaintiffs and the members of the Proposed Class for all hours they worked that qualified as compensable under California law, including but not limited to time spent (i) gathering, loading, unloading, and transporting tools and materials at the beginning and end of the workday, (ii) time spent traveling to and from job locations, and (iii) time spent in mandatory work meetings.

-20-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

78.    By refusing and failing to pay Plaintiffs and the members of the Proposed Class for all compensable time they worked, Defendants failed not only to pay them the agreed-upon rate but also failed to pay them at least the minimum wage for all hours worked. Consequently, in addition to recovering the unpaid wages, Plaintiffs and the Proposed Class are entitled to recover liquidated damages, interest, and attorneys' fees, pursuant to Labor Code sections 218.5, 218.6, 1194 and 1194.2.

79.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiff and the Proposed Class to an award of punitive damages.

## FIFTH CAUSE OF ACTION

### (Failure to Pay Prevailing Wages in Violation of California Law)

80.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 78 inclusive, as though fully set forth herein.

81.    Labor Code section 1771 provides as follows:

Except for public works projects of one thousand dollars ($ 1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works.

82.    Labor Code Section 1774 provides as follows: "The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract."

83.    During the course of their employment with Defendants, Plaintiffs and members of the Proposed Class worked on a number of projects that qualify as public work

-21-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    projects subject to Labor Code section 1771. Defendants failed to pay Plaintiffs and members

2    of the Proposed Class the prevailing wage rate for work done on these projects.

3             84.    Plaintiffs and the Proposed Class are therefore entitled to recover the

4    difference between the actual wages paid for work performed on qualifying public works

5    projects and the applicable prevailing wage rate(s).

6

7                                    **SIXTH CAUSE OF ACTION**

8              **(Failure to Provide Meal Periods in Violation of California Law)**

9             85.    Plaintiffs incorporate by reference in this cause of action each allegation

10   of paragraphs 1 through 83 inclusive, as though fully set forth herein.

11            86.    California Labor Code section 226.7 prohibits an employer from

12   requiring any employee to work during any meal mandated by an applicable IWC wage order.

13   Under Section 226.7, an employer that fails to provide an employee with a required meal period

14   must pay that employee one additional hour of pay at the employee's regular rate of

15   compensation for each work day that the meal is not provided.

16            87.    California Labor Code section 512 prohibits an employer from employing

17   an employee for a work period of more than five hours per day without providing the employee

18   a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day

19   without providing the employee with a second meal period of not less than 30 minutes.

20            88.    Section 11 of Wage Order No. 16 provides in relevant part that:

21            (A) No employer shall employ any person for a work period of
     more than five (5) hours without a meal period of not less than 30
22   minutes, except that when a work period of not more than six (6)
     hours will complete the day's work the meal period may be waived
23   by mutual consent of the employer and employee. . . (C) Unless the
     employee is relieved of all duty during a 30 minute meal period, the
24   meal period shall be considered an "on duty" meal period and
     counted as time worked. An "on duty" meal period shall be
25   permitted only when the nature of the work prevents an employee
26

                                                -22-

27

28

from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

89.    Defendants failed to provide Plaintiffs and members of the Proposed Class with meal periods as required by law.  Plaintiffs and the Proposed Class are therefore entitled to payment of additional wages and meal period premiums as provided by law plus interest, attorneys' fees and costs.

90.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiffs and the Proposed Class to an award of punitive damages.

**SEVENTH CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)**

91.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 89 inclusive, as though fully set forth herein.

92.    Pursuant to California Labor Code section 226(a), employers must at the time of each payment of wages provide each employee with a wage statement itemizing, among other things: (1) gross wage earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the employee's name and social security number; (8) the employer's name and address of the legal entity that qualifies as the employer; and (9) all applicable hourly rates

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  in effect during the pay period and the corresponding number of hours worked at each hourly

2  rate by the employee.

3      93.    California Labor Code section 226(e) provides that an employee suffering

4  injury as a result of a knowing and intentional failure by an employer to comply with Section

5  226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial

6  pay period in which a violation occurs and $100 per employee for each violation in a subsequent

7  pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

8      94.    Defendants knowingly and intentionally failed to provide timely,

9  accurate, itemized wage statements to Plaintiffs and the members of the Proposed Class in

10  accordance with Labor Code section 226.  Accordingly, Plaintiffs and the Proposed Class may

11  recover the damages and penalties provided for under Labor Code Section 226(e) plus interest,

12  attorneys' fees and costs.

13      95.    In taking the above actions, Defendants acted with malice, fraud and

14  oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed

15  Class, entitling Plaintiffs and the Proposed Class to an award of punitive damages.

16

17  **EIGHTH CAUSE OF ACTION**

18  **(Waiting Time Penalties)**

19      96.    Plaintiffs incorporate by reference in this cause of action each allegation

20  of paragraphs 1 through 94 inclusive, as though fully set forth herein.

21      97.    During the relevant time period, many Class Members, including

22  Plaintiffs Erick Gallo and Angel Miramontes, ended their employment relationship with

23  Defendants through either involuntary termination or resignation.  Defendants, however,

24  willfully failed and refused to pay these persons either at the time of termination or within 72

25  hours of their resignation as required under California law.

26

27                                      -24-
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28

1    98.    As a result of their failure to timely pay all wages owed at the time of

2  termination or, as applicable, within 72 hours of resignation, Defendants owe waiting time

3  penalties under Labor Code sections 201, 202 and 203 to Plaintiffs Gallo and Angel Miramontes

4  and those members of the Proposed Class whose employment with Defendants ended.

5

6                              **NINTH CAUSE OF ACTION**

7
   **(Failure to Reimburse Travel Costs and Other Business Expenses in Violation of California**
8                                    **Law)**

9    99.    Plaintiffs incorporate by reference in this cause of action each allegation

10  of paragraphs 1 through 97 inclusive, as though fully set forth herein.

11    100.    California Labor Code section 2802 requires employers to reimburse

12  employees for expenses they reasonably incur in performing their job duties.

13    101.    Defendants required Plaintiffs and other members of the Proposed Class

14  to travel to various job sites to perform their job duties, often requiring them to travel to job sites

15  more than 100 miles from their primary assigned work site and often requiring that they travel

16  to numerous different work sites throughout the day.  Although Defendants required Plaintiffs

17  and other members of the Proposed Class to use their own vehicles for this travel, Defendants'

18  policy and practice for reimbursing business expenses either failed entirely to reimburse them

19  for the expenses they incurred in connection with this travel (including the cost of gasoline,

20  insurance, registration of the vehicle, and wear on the vehicle) or reimbursed only a flat amount

21  that fell far short of compensating for the expenses Plaintiffs and the other members of the

22  Proposed Class actually incurred.

23    102.    Defendants' reimbursement policy violated California Labor Code

24  section 2802.  Plaintiffs and the Proposed Class are therefore entitled to reimbursement for the

25  travel and other business expenses reasonably incurred in performing their job duties plus

26  interest, attorneys' fees and costs.

                                        -25-
27  ─────────────────────────────────────────────────────────────────────
    FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
28

103.    In taking the above actions, Defendants acted with malice, fraud and oppression, and in reckless and conscious disregard of the rights of Plaintiffs and the Proposed Class, entitling Plaintiffs and the Proposed Class to an award of punitive damages.

## TENTH CAUSE OF ACTION

**(Unfair Business Practices in Violation of California Business & Professions Code §§ 17200 et seq.)**

104.    Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 102 inclusive, as though fully set forth herein.

105.    Defendants' statutory and regulatory violations alleged herein constitute an unlawful business action and practice in violation of Business and Professions Code sections 17200 *et seq.*

106.    Pursuant to Business and Professions Code sections 17200 *et seq.*, Plaintiffs and the Proposed Class are entitled to (i) restitution of the unpaid wages and overtime alleged herein that Defendants withheld and retained during the period commencing four years prior to the filing of this action, (ii) a permanent injunction requiring prohibiting further violations of the type alleged herein for the period commencing four years, (iii) an award of attorneys' fees pursuant to applicable law, (iv) and costs.

## ELEVENTH CAUSE OF ACTION

**(Violation of the Family Medical Leave Act — Plaintiff Erick Gallo Against All Defendants)**

107.    Plaintiff Gallo incorporates by reference in this cause of action each allegation of paragraphs 1 through 105 inclusive, as though fully set forth herein.

108.    The Family Medical Leave Act ("FMLA"), 29 U.S.C section 2601 et seq., provides eligible employees the right to take up to 12 weeks of leave for certain qualifying conditions, including time off of work to spend with a newborn child. The FMLA makes it

-26-

1 | unlawful for an employer to interfere with an employee's rights under the FMLA or to deny an

2 | employee his or her rights under the FMLA.

3 |        109.    At the time Plaintiff Gallo requested leave in August 2007 to spend time

4 | with his newborn child, he qualified for 12 weeks of leave under the FMLA. In denying

5 | Plaintiff Gallo the requested leave and thereafter terminating him, in whole or in part due to his

6 | request for leave, Defendants violated the FMLA.

7 |        110.    As a direct and proximate result of Defendants' unlawful actions in this

8 | regard, Plaintiff Gallo suffered damages and continues to suffer damages, including but not

9 | limited to economic injury and loss, and the loss of his employment and the resulting damages

10 | he incurred as a result.

11 |        111.    In taking these actions, Defendants acted willfully and in reckless

12 | disregard of Plaintiff Gallo's rights.

13 |                          **TWELFTH CAUSE OF ACTION**

14 | **(Violation of the California Family Rights Act — Plaintiff Erick Gallo Against All**
15 | **Defendants)**

16 |        112.    Plaintiff Gallo incorporates by reference in this cause of action each

17 | allegation of paragraphs 1 through 110 inclusive, as though fully set forth herein.

18 |        113.    The California Family Rights Act ("CFRA"), California Government

19 | Code section 12945.2, provides eligible employees the right to take up to 12 weeks of leave for

20 | certain qualifying conditions, including time off of work to spend with a newborn child. The

21 | CFRA makes it unlawful for an employer to deny an eligible employee leave for which he or

22 | she qualifies under the CFRA or to discriminate against an employee because he or she sought

23 | to exercise rights under the CFRA.

24 |        114.    At the time Plaintiff Gallo requested leave in August 2007 to spend time

25 | with his newborn child, he qualified for 12 weeks of leave under the CFRA. In denying

26 |

27 |                                     -27-

28 |

1  Plaintiff Gallo the requested leave and thereafter terminating him, in whole or in part due to his

2  request for leave, Defendants violated the CFRA.

3         115.   As a direct and proximate result of Defendants' unlawful actions in this

4  regard, Plaintiff Gallo suffered damages and continues to suffer damages, including but not

5  limited to emotional distress, economic injury and loss, and the loss of his employment and the

6  resulting damages he incurred as a result.

7         116.   In taking these actions, Defendants acted with malice, fraud and

8  oppression, and in reckless disregard of Plaintiff Gallo's rights entitling him to an award of

9  punitive damages.

10

11                    **THIRTEENTH CAUSE OF ACTION**

12  **(Termination in Violation of California Fundamental Public Policy —Plaintiffs Erick Gallo**

13  **and Angel Miramontes Against All Defendants)**

14         117.   Plaintiff Erick Gallo and Angel Miramontes incorporate by reference in

15  this cause of action each allegation of paragraphs 1 through 115 inclusive, as though fully set

16  forth herein.

17         118.   Defendant terminated Plaintiff Gallo because of his opposition to

18  Defendants' unlawful pay practices, as alleged herein, and because of his request for a

19  qualifying leave under the FMLA and CFRA. In doing so, Defendants violated the

20  fundamental, substantial and well-established public policies of the state of California as

21  embodied in its Statutes and Constitution and in federal statutes.

22         119.   Defendant terminated Plaintiff Angel Miramontes because of his

23  opposition to Defendants' unlawful pay practices, as alleged herein. In doing so, Defendants

24  violated the fundamental, substantial and well-established public policies of the state of

25  California as embodied in its Statutes and Constitution and in federal statutes.

26

27                          -28-

28

120. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs Gallo and Miramontes suffered damages and continue to suffer damages, including but not limited to emotional distress, economic injury and loss, the loss of employment and the resulting damages incurred as a result.

121. In taking these actions, Defendants acted with malice, fraud and oppression, and in reckless disregard of the rights of Plaintiffs Gallo and Miramontes entitling them to an award of punitive damages.

## DEMAND FOR JURY TRIAL

122. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of the Collective Class and Proposed Class demand a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves, the Collective Class and the Proposed, request judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

A. That the Court certify this action as a class action on behalf of the proposed class;

B. That the Court find that Defendants violated the overtime provisions of the Fair Labor Standards Act as to Plaintiffs and the Collective Class;

C. That the Court find that Defendants violated the California Labor Code and IWC Wage Orders as to Plaintiffs and the Proposed Class;

D. That the Court find that Defendants willfully failed to provide Plaintiffs and the Proposed Class the itemized wage statements required under California Labor Code section 226;

-29-

E.    That the Court find that Defendants violated provisions of the Labor Code and Wage Orders regarding meal periods as to Plaintiffs and the Proposed Class;

F.    That the Court find willful the violations described above;

G.    That Plaintiffs and the Proposed Class receive an award in the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

H.    That Plaintiffs and the Proposed Class receive an award of punitive damages against Defendants;

I.    That the Court enjoin Defendants and order them to pay restitution to Plaintiffs and the Proposed Class due to Defendants' unlawful activities, pursuant to Business and Professions Code sections 17200-05;

J.    That the Court further enjoin Defendants to cease and desist from unlawful activities in violation of California Business and Professions Code section 17200;

K.    That the Court find that Defendants have violated sections 201, 202 and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiffs and members of the Proposed Class no longer working for Defendants;

L.    That the Court award Plaintiffs and the Proposed Class reasonable attorneys' fees and costs pursuant to applicable law;

M.    That the Court grant such other and further relief, in law or equity, as the Court deems appropriate and just; and

N.    As to the claims they assert individually and not on behalf of the Proposed Class, Plaintiffs Erick Gallo and Angel pray for judgment against Defendants, for general and special damages, for liquidated damages and punitive damages, for attorneys' fees and costs, for interest on all sums at the maximum legal rate, and for such other relief as the Court deems just and proper.

-30-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dated:  May 21, 2008

RUKIN HYLAND DORIA & TINDALL LLP

By: _____
                John F. Hyland

GULLEDGE LAW GROUP
Linda Gulledge
Kelly Woody Gulledge

Attorneys for Individual
and Representative Plaintiffs
ERICK GALLO, ARMANDO GUTIERREZ,
ANGEL MIRAMONTES, ANTONIO
MIRAMONTES,  LUIS MIRAMONTES,
MANUEL MONTES, and SAMUEL
ALVAREZ HARO

-31-

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# PROOF OF SERVICE

*Gallo, et al. v. Masco Corporation, et al.*
United States District Court for the Southern District of California
(Case No. 3:08 CV 604 J CAB)

I declare that I am over the age of eighteen (18), and not a party to this action. My business address is 100 Pine Street, Suite 725, San Francisco CA 94111. On May 21, 2008, I served a true and correct copy of the following document(s):

## FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Arthur F. Silbergeld, Esq.
Proskauer Rose
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206

☒    **VIA U.S. MAIL**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the United States Postal Service on May 21, 2008 with postage thereon fully prepaid, at San Francisco, California.

☐    **VIA FACSIMILE:**
The facsimile was transmitted to Facsimile #

☐    **VIA PERSONAL DELIVERY:**
I personally caused to be delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 21, 2008, at San Francisco, California.

Nicholas Ray