1  ARTHUR F. SILBERGELD, SBN 081093
   asilbergeld@proskauer.com
2  GEORGE SAMUEL CLEAVER, SBN 245717
   scleaver@proskauer.com
3  CLIFFORD DAVIDSON, SBN 246119
   cdavidson@proskauer.com
4  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
5  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
6  Facsimile:    (310) 557-2193

7

8  Attorneys for Defendants,
   GUY EVANS, INC. and BUILDER SERVICES
   GROUP, INC.
9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13  ERICK GALLO, ARMANDO GUTIERREZ,        )  Case No. 3:08 CV 0604 JAH (CAB)
    ANGEL MIRAMONTES, ANTONIO              )
14  MIRAMONTES, LUIS MIRAMONTES,           )
    MANUEL MONTES, and SAMUEL ALVAREZ      )  **CLASS ACTION**
    HARO, individually, on behalf of all others )
15  similarly situated, and on behalf of the general )  **DEFENDANTS' ANSWER TO**
    public,                                )  **PLAINTIFFS' FIRST AMENDED**
16                                         )  **COMPLAINT**
                    Plaintiffs,            )
17                                         )
             vs.                           )  **ORIGINAL**
18                                         )
    MASCO CORPORATION, a corporation,      )
19  MASCO SERVICES GROUPS CORPORATION, )
    a corporation, GUY EVANS, INC., a corporation, )
20  BUILDER SERVICES GROUP, INC., a        )
    corporation, and DOES 1 through 20, inclusive )
21  Defendants.                            )
                                           )
22                  Defendants.            )
                                           )
23  _____)

24

25       Defendants Guy Evans, Inc. ("GEI") and Builder's Services Group, Inc. ("BSG")

26  (collectively "Defendants"), for themselves only, by their attorneys, Proskauer Rose LLP, answer

27  plaintiffs' First Amended Complaint for Damages and Injunctive Relief ("Complaint") as follows:

28

**THE PARTIES**

1. Answering paragraph 1, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Erick Gallo ("Gallo") was employed by Defendants and was terminated in 2007. Defendants further admit that Gallo's 2007 IRS Form W-2 bears a street address in El Centro, California and that El Centro is in Imperial County.

2. Answering paragraph 2, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Armando Gutierrez ("Gutierrez") was employed by Defendants.

3. Answering paragraph 3, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Angel Miramontes was employed by Defendants. Defendants further admit that Angel Miramontes' 2007 IRS Form W-2 bears a street address in Calexico, California and that Calexico is in Imperial County.

4. Answering paragraph 4, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Antonio Miramontes was employed by Defendants. Defendants further admit that Antonio Miramontes' 2007 IRS Form W-2 bears a street address in Calexico, California and that Calexico is in Imperial County.

5. Answering paragraph 5, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Luis Miramontes was employed by Defendants. Defendants further admit that Luis Miramontes' 2007 IRS Form W-2 bears a street address in Calexico, California and that Calexico is in Imperial County.

6. Answering paragraph 6, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Manuel Montes ("Montes") was employed by Defendants.

7. Answering paragraph 7, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Sergio Alvarez Haro (erroneously suing as "Samuel Alvarez Haro") was employed by Defendants.

8086/30663-002
Current/11420421v

**ANSWER TO FIRST AMENDED COMPLAINT**    3:08CV0604

8.      Answering paragraph 8, and to the extent that this paragraph contains any legal averments or factual allegations that require a response, Defendants deny, generally and specifically, each and every allegation in this paragraph.

9.      Answering paragraph 9, and to the extent that this paragraph contains any legal averments or factual allegations that require a response, Defendants deny, generally and specifically, each and every allegation in this paragraph.

10.     Answering paragraph 10, Defendants admit the allegations in this paragraph.

11.     Answering paragraph 11, Defendants admit the allegations in this paragraph.

12.     Answering paragraph 12, Defendants deny, generally and specifically, each and every allegation in this paragraph.

13.     Answering paragraph 13, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that GEI and BSG were, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of one another and were acting within the course and scope of the relationship.

## JURISDICTION AND VENUE

14.     Answering paragraph 14, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Gallo, Gutierrez, Angel Miramontes, Antonio Miramontes, Luis Miramontes, Montes, and Haro (collectively "Plaintiffs") purport to bring the claims, seek the relief recited in their Complaint, and invoke the Court's jurisdiction pursuant to the statutes referenced in paragraph 14 of the Complaint.

15.     Answering paragraph 15, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Plaintiffs purport that this Court has jurisdiction for the reasons and statutes referenced in paragraph 15 of the Complaint.

16.     Answering paragraph 16, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Plaintiffs purport that venue is appropriate in this Court for the reasons and pursuant to the statutes referenced in paragraph 16 of the Complaint.

3

## FACTUAL ALLEGATIONS

### Expense Reimbursement Policies and Practices

17.    Answering paragraph 17, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Defendants required Plaintiffs to report to work sites in the course of performing their job duties.

18.    Answering paragraph 18, Defendants deny, generally and specifically, each and every allegation in this paragraph.

19.    Answering paragraph 19, Defendants deny, generally and specifically, each and every allegation in this paragraph.

20.    Answering paragraph 20, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Randy Nelson ("Nelson") was a division manager.  Defendants further admit that Nelson reimbursed Plaintiffs and other similarly situation employees with checks printed with his name and GEI's address from a bank account which he had opened for that purpose.

### Requirement that Employees Work Off-the-Clock

21.    Answering paragraph 21, Defendants deny, generally and specifically, each and every allegation in this paragraph.

(a)    Answering subparagraph 21(a), Defendants deny, generally and specifically, each and every allegation in this subparagraph.

(b)    Answering subparagraph 21(b), Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that before the end of each work day, Defendants required Plaintiffs and other similarly situated employees to perform certain clean-up and related tasks while on the clock.

(c)    Answering paragraph 21(c), Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Defendants required Plaintiffs and similarly situated employees to report to assigned location at a scheduled start time.

(d)    Answering paragraph 21(d), Defendants deny, generally and specifically, each and every allegation in this paragraph.

4

1    (e)    Answering paragraph 21(e), Defendants deny, generally and specifically, each and

2  every allegation in this paragraph.

3                           **Meal Period Practices**

4    22.    Answering paragraph 22, Defendants deny, generally and specifically, each and

5  every allegation in this paragraph, except admit that California law requires employers to provide

6  employees a full thirty minute duty-free meal period during each five hours of work.

7    23.    Answering paragraph 23, Defendants deny, generally and specifically, each and

8  every allegation in this paragraph.

9                      **Failure to Pay Reporting Time Pay**

10    24.    Answering paragraph 24, Defendants deny, generally and specifically, each and

11  every allegation in this paragraph, except admit that Defendants held safety meetings.

12    25.    Answering paragraph 25, Defendants deny, generally and specifically, each and

13  every allegation in this paragraph, except admit that Defendants required employees to attend

14  safety meetings.

15                              **Retaliation**

16    26.    Answering paragraph 26, Defendants deny, generally and specifically, each and

17  every allegation in this paragraph except admit that Gallo spoke to Nelson and Ruben Holquin

18  ("Holquin") about his employment conditions.

19    27.    Answering paragraph 27, Defendants deny, generally and specifically, each and

20  every allegation in this paragraph except admit that Angel Miramontes complained to Nelson

21  about his expense reimbursements.

22    28.    Answering paragraph 28, Defendants deny, generally and specifically, each and

23  every allegation in this paragraph.

24    29.    Answering paragraph 29, Defendants deny, generally and specifically, each and

25  every allegation in this paragraph except admit that Nelson once told some of Defendants'

26  employees that if they did not like their pay, they should quit.

27

28

30.    Answering paragraph 30, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Defendants terminated Gallo and Angel Miramontes.

### Prevailing Wage Claim

31.    Answering paragraph 31, Defendants deny, generally and specifically, each and every allegation in this paragraph.

32.    Answering paragraph 32, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Defendants required Plaintiffs to accurately complete their timecards.

### Forfeiture of Accrued, Unused Vacation

33.    Answering paragraph 33, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that in 2007 BSG acquired GEI.

### Denial of Plaintiff Gallo's Request for Leave

34.    Answering paragraph 34, Defendants deny, generally and specifically, each and every allegation in this paragraph, except Defendants lack insufficient information or belief to admit or deny whether Gallo's wife gave birth to their second child on July 9, 2007.

35.    Answering paragraph 35, Defendants deny, generally and specifically, each and every allegation in this paragraph.

36.    Answering paragraph 36, Defendants deny generally and specifically, each and every allegation in this paragraph, except admit that Defendants terminated Gallo due to lack of work.

37.    Answering paragraph 37, this paragraph contains a statement to which no response is required from Defendants.  To the extent that this paragraph contains any legal averments or factual allegations that require a response, Defendants deny, generally and specifically, each and every allegation in this paragraph.

**COLLECTIVE ACTION ALLEGATIONS**

38.     Answering paragraph 38, Defendants deny, generally and specifically, each and every allegation in this paragraph, except Defendants admit that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 216(b).

39.     Answering paragraph 39, Defendants deny, generally and specifically, each and every allegation in this paragraph.

40.     Answering paragraph 40, Defendants deny, generally and specifically, each and every allegation in this paragraph.

41.     Answering paragraph 41, Defendants deny, generally and specifically, each and every allegation in this paragraph.

42.     Answering paragraph 42, Defendants deny, generally and specifically, each and every allegation in this paragraph.

43.     Answering paragraph 43, Defendants deny, generally and specifically, each and every allegation in this paragraph.

**CLASS ACTION ALLEGATIONS**

44.     Answering paragraph 44, Defendants deny, generally and specifically, each and every allegation in this paragraph except Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45.     Answering paragraph 45, Defendants deny, generally and specifically, each and every allegation in this paragraph.

46.     Answering paragraph 46, Defendants deny, generally and specifically, each and every allegation in this paragraph.

47.     Answering paragraph 47, Defendants deny, generally and specifically, each and every allegation in this paragraph.

48.     Answering paragraph 48, Defendants deny, generally and specifically, each and every allegation in this paragraph.

49.     Answering paragraph 49, Defendants deny, generally and specifically, each and every allegation in this paragraph.

7

1   (a)  Answering subparagraph 49(a), Defendants deny, generally and specifically, each
2 and every allegation in this subparagraph.

3   (b)  Answering subparagraph 49(b), Defendants deny, generally and specifically, each
4 and every allegation in this subparagraph.

5   (c)  Answering subparagraph 49(c), Defendants deny, generally and specifically, each
6 and every allegation in this subparagraph.

7   (d)  Answering subparagraph 49(d), Defendants deny, generally and specifically, each
8 and every allegation in this paragraph.

9   (e)  Answering subparagraph 49(e), Defendants deny, generally and specifically, each
10 and every allegation in this paragraph.

11   (f)  Answering subparagraph 49(f), Defendants deny, generally and specifically, each
12 and every allegation in this subparagraph.

13   (g)  Answering subparagraph 49(g), Defendants deny, generally and specifically, each
14 and every allegation in this paragraph.

15   (h)  Answering subparagraph 49(h), Defendants deny, generally and specifically, each
16 and every allegation in this paragraph.

17   (i)  Answering subparagraph 49(i), Defendants deny, generally and specifically, each
18 and every allegation in this subparagraph.

19   (j)  Answering subparagraph 49(j), Defendants deny, generally and specifically, each
20 and every allegation in this paragraph.

21   (k)  Answering paragraph 49(k), Defendants deny, generally and specifically, each and
22 every allegation in this paragraph.

23   50.  Answering paragraph 50, this paragraph does not require a response.  To the extent
24 that this paragraph contains any legal averments or factual allegations that require a response,
25 Defendants deny, generally and specifically, each and every allegation in this paragraph.

26   51.  Answering paragraph 51, Defendants deny, generally and specifically, each and
27 every allegation in this paragraph.

28

8

8086/30663-002
Current/11420421v

52.     Answering paragraph 52, Defendants deny, generally and specifically, each and every allegation in this paragraph.

53.     Answering paragraph 53, Defendants are without sufficient information or knowledge to enable them to either admit or deny that Plaintiffs intend to send notice to all members of the Proposed Class.  Defendants admit that they have the names and addresses of Plaintiffs.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)**

54.     Answering paragraph 54, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 52 inclusive.

55.     Answering paragraph 55, this paragraph does not require a response.  To the extent that this paragraph contains any legal averments or factual allegations that require a response, Defendants deny, generally and specifically, each and every allegation in this paragraph.

56.     Answering paragraph 56, Defendants admit the allegations in this paragraph.

57.     Answering paragraph 57, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Plaintiffs purport that the FLSA requires covered employers to compensate certain non-exempt employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week

58.     Answering paragraph 58, Defendants deny, generally and specifically, each and every allegation in this paragraph.

59.     Answering paragraph 59, Defendants deny, generally and specifically, each and every allegation in this paragraph.

60.     Answering paragraph 60, Defendants deny, generally and specifically, each and every allegation in this paragraph.

61.     Answering paragraph 61, this paragraph does not require a response.  To the extent that this paragraph contains any legal averments or factual allegations that require a response, Defendants deny, generally and specifically, each and every allegation in this paragraph.

9

1    62.    Answering paragraph 62, this paragraph does not require a response. To the extent

2   that this paragraph contains any legal averments or factual allegations that require a response,

3   Defendants deny, generally and specifically, each and every allegation in this paragraph.

4                        **SECOND CAUSE OF ACTION**

5              **(Failure to Pay Overtime Wages in Violation of California Law)**

6    63.    Answering paragraph 63, Defendants incorporate by reference their admissions,

7   denials, and allegations regarding paragraphs 1 through 61 inclusive.

8    64.    Answering paragraph 64, Defendants admit the allegations in this paragraph.

9    65.    Answering paragraph 65, this paragraph does not require a response. To the extent

10  that this paragraph contains any legal averments or factual allegations that require a response,

11  Defendants deny, generally and specifically, each and every allegation in this paragraph, except

12  Defendants admit that Plaintiffs were subject to Industrial Wage Commission ("IWC") Order No.

13  16.

14   66.    Answering paragraph 66, Defendants admit the allegations in this paragraph.

15   67.    Answering paragraph 67, Defendants deny, generally and specifically, each and

16  every allegation in this paragraph.

17   68.    Answering paragraph 68, Defendants deny, generally and specifically, each and

18  every allegation in this paragraph.

19   69.    Answering paragraph 69, Defendants deny, generally and specifically, each and

20  every allegation in this paragraph.

21                       **THIRD CAUSE OF ACTION**

22          **(Failure to Pay Reporting Time Wages in Violation of California Law)**

23   70.    Answering paragraph 70, Defendants incorporate by reference their admissions,

24  denials, and allegations regarding paragraphs 1 through 68 inclusive.

25   71.    Answering paragraph 71, Defendants admit the allegations in this paragraph.

26   72.    Answering paragraph 72, Defendants deny, generally and specifically, each and

27  every allegation in this paragraph.

28

10

73.    Answering paragraph 73, Defendants deny, generally and specifically, each and every allegation in this paragraph.

74.    Answering paragraph 74, Defendants deny, generally and specifically, each and every allegation in this paragraph.

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Minimum Wage for All Hours Worked in Violation of California Law)**

75.    Answering paragraph 75, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 73 inclusive.

76.    Answering paragraph 76, Defendants admit the allegations in this paragraph.

77.    Answering paragraph 77, Defendants deny, generally and specifically, each and every allegation in this paragraph.

78.    Answering paragraph 78, Defendants deny, generally and specifically, each and every allegation in this paragraph.

79.    Answering paragraph 79, Defendants deny, generally and specifically, each and every allegation in this paragraph.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay Prevailing Wages in Violation of California Law)**

80.    Answering paragraph 80, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 78 inclusive.

81.    Answering paragraph 81, Defendants admit the allegations in this paragraph.

82.    Answering paragraph 82, Defendants admit the allegations in this paragraph.

83.    Answering paragraph 83, Defendants deny, generally and specifically, each and every allegation in this paragraph.

84.    Answering paragraph 84, Defendants deny, generally and specifically, each and every allegation in this paragraph.

8086/30663-002
Current/11420421v

**ANSWER TO FIRST AMENDED COMPLAINT**                    3:08CV0604

**SIXTH CAUSE OF ACTION**

**(Failure to Provide Meal Periods in Violation of California Law)**

85.    Answering paragraph 85, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 83 inclusive.

86.    Answering paragraph 86, Defendants admit the allegations in this paragraph.

87.    Answering paragraph 87, Defendants admit the allegations in this paragraph.

88.    Answering paragraph 88, Defendants deny, generally and specifically, each and every allegation in this paragraph.

89.    Answering paragraph 89, Defendants deny, generally and specifically, each and every allegation in this paragraph.

90.    Answering paragraph 90, Defendants deny, generally and specifically, each and every allegation in this paragraph.

**SEVENTH CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)**

91.    Answering paragraph 91, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 89 inclusive.

92.    Answering paragraph 92, Defendants admit the allegations in this paragraph.

93.    Answering paragraph 93, Defendants admit the allegations in this paragraph.

94.    Answering paragraph 94, Defendants deny, generally and specifically, each and every allegation in this paragraph.

95.    Answering paragraph 95, Defendants deny, generally and specifically, each and every allegation in this paragraph.

**EIGHTH CAUSE OF ACTION**

**(Waiting Time Penalties)**

96.    Answering paragraph 96, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 94 inclusive.

12

97.     Answering paragraph 97, Defendants deny, generally and specifically, each and every allegation in this paragraph except admit that Gallo and Angel Miramontes ended their employment relationship with Defendants.

98.     Answering paragraph 98, Defendants deny, generally and specifically, each and every allegation in this paragraph.

### NINTH CAUSE OF ACTION

**(Failure to Reimburse Travel Costs and Other Business Expenses in Violation of California Law)**

99.     Answering paragraph 99, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 97 inclusive.

100.    Answering paragraph 100, Defendants deny, generally and specifically, each and every allegation in this paragraph.

101.    Answering paragraph 101, Defendants deny, generally and specifically, each and every allegation in this paragraph, except admit that Defendants sometimes required Plaintiffs to report to different work sites to begin the workday and that Defendants sometimes required Plaintiffs to travel between work sites during their scheduled work time.

102.    Answering paragraph 102, Defendants deny, generally and specifically, each and every allegation in this paragraph.

103.    Answering paragraph 103, Defendants deny, generally and specifically, each and every allegation in this paragraph.

### TENTH CAUSE OF ACTION

**(Unfair Business Practices in Violation of California Business & Professions Code §§ 17200 _et seq._)**

104.    Answering paragraph 104, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 102 inclusive.

105.    Answering paragraph 105, Defendants deny, generally and specifically, each and every allegation in this paragraph.

106.    Answering paragraph 106, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## ELEVENTH CAUSE OF ACTION

**(Violation of the Family Medical Leave Act – Plaintiff Erick Gallo Against All Defendants)**

107.    Answering paragraph 107, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 105 inclusive.

108.    Answering paragraph 108, Defendants admit the allegations in the paragraph.

109.    Answering paragraph 109, Defendants deny, generally and specifically, each and every allegation in this paragraph.

110.    Answering paragraph 110, Defendants deny, generally and specifically, each and every allegation in this paragraph.

111.    Answering paragraph 111, Defendants deny, generally and specifically, each and every allegation in this paragraph.

## TWELFTH CAUSE OF ACTION

**(Violation of the California Family Rights Act – Plaintiff Erick Gallo Against All Defendants)**

112.    Answering paragraph 112, Defendants incorporate by reference their admissions, denials, and allegations regarding paragraphs 1 through 110 inclusive.

113.    Answering paragraph 113, Defendants admit the allegations in this paragraph.

114.    Answering paragraph 114, Defendants deny, generally and specifically, each and every allegation in this paragraph.

115.    Answering paragraph 115, Defendants deny, generally and specifically, each and every allegation in this paragraph.

116.    Answering paragraph 116, Defendants deny, generally and specifically, each and every allegation in this paragraph.

14

1

**THIRTEENTH CAUSE OF ACTION**

2

**(Termination in Violation of the California Fundamental Public Policy – Plaintiffs Erick**

3

**Gallo and Angel Miramontes Against All Defendants)**

4    117.    Answering paragraph 117, Defendants incorporate by reference their admissions,

5    denials, and allegations regarding paragraphs 1 through 115 inclusive.

6    118.    Answering paragraph 118, Defendants deny, generally and specifically, each and

7    every allegation in this paragraph.

8    119.    Answering paragraph 119, Defendants deny, generally and specifically, each and

9    every allegation in this paragraph.

10    120.    Answering paragraph 120, Defendants deny, generally and specifically, each and

11    every allegation in this paragraph.

12    121.    Answering paragraph 121, Defendants deny, generally and specifically, each and

13    every allegation in this paragraph.

14

**DEMAND FOR JURY TRIAL**

15    122.    Answering paragraph 122, this paragraph does not require a response.  To the

16    extent that this paragraph contains any legal averments or factual allegations that require a

17    response, Defendants deny, generally and specifically, each and every allegation in this paragraph.

18

**REQUEST FOR RELIEF**

19    123.    Defendants deny that Plaintiffs are entitled to any of the relief requested in the

20    "Request for Relief" clause on pages 29-30 of the Complaint, or any other relief.

21    124.    Defendants deny each and every allegation in the Complaint not specifically

22    admitted herein.

23

**AFFIRMATIVE DEFENSES**

24

**FIRST AFFIRMATIVE DEFENSE**

25

**(Failure To State A Cause Of Action)**

26    The Complaint and each cause of action alleged therein fails to state facts sufficient to

27    constitute a cause of action.

28

15

## SECOND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

The Complaint and each cause of action alleged therein is barred by the applicable statute of limitations, including but not limited to those set forth in Fair Labor Standards Act, specifically in 29 U.S.C. 255(a), California Labor Code sections 200 et. seq., California Code of Civil Procedure sections 338(a) and 340(1), and California Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Reasonableness And Good Faith)

Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiffs and the putative class members are barred from any recovery in this action.

## FOURTH AFFIRMATIVE DEFENSE

### (No Tangible Loss Of Benefits)

The Complaint and each cause of action alleged therein is barred because Plaintiffs and the putative class members did not suffer any tangible loss of employment benefits as a direct and proximate result of the alleged conduct by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint and each cause of action alleged therein is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each cause of action alleged therein is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each cause of action alleged therein is barred by the doctrine of waiver.

16

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(No Willful Conduct)**

3      Defendants did not violate any provision of the Labor Code or any order of the Industrial

4  Welfare Commission willfully or knowingly.  A good faith dispute exists as to whether

5  Defendant's alleged conduct violated any such provision or order.  Accordingly, Plaintiffs are not

6  entitled to recover any damages or penalty.

7

**NINTH AFFIRMATIVE DEFENSE**

8

**(No Unlawful Conduct)**

9      The Complaint is barred in whole or in part because the conduct of Defendants as alleged

10  in the Complaint is not "unlawful" as defined under the California Business & Professions Code.

11

**TENTH AFFIRMATIVE DEFENSE**

12

**(No Unfair Conduct)**

13      The Complaint is barred in whole or in part because the conduct of Defendants as alleged

14  in the Complaint is not "unfair" as defined under the California Business & Professions Code.

15

**ELEVENTH AFFIRMATIVE DEFENSE**

16

**(Unclean Hands)**

17      The Complaint and each cause of action alleged therein is barred by the doctrine of

18  unclean hands.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20

**(Procedural Due Process)**

21      Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages, violates

22  the rights of Defendants to procedural due process under the Fourteenth Amendment to the United

23  States Constitution and under the Constitution of the State of California and, therefore, fails to

24  state a cause of action upon which punitive or exemplary damages may be awarded.

25

**THIRTEENTH AFFIRMATIVE DEFENSE**

26

**(Protection From Excessive Fines)**

27      Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages, violates

28  the rights of Defendants to protection from "excessive fines" as provided in the Eighth

17

1    Amendment of the United States Constitution and in Article I, Section 17 of the Constitution of

2    the State of California, and, therefore, fails to state a cause of action on which punitive or

3    exemplary damages may be awarded.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

6    Plaintiff's claims against Defendants are barred to the extent that their actions are

7    privileged under the doctrine of managerial immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

10   The Complaint does not state facts sufficient to certify a class pursuant to Federal Rule of

11   Civil Procedure 23, such that this action is not properly brought as a class action.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Inadequacy Of Class Representatives)

14   Plaintiffs are not adequate representatives of the putative class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Is Not Numerous)

17   The purported class is not so numerous as to make individual joinder of all members

18   impracticable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Well-Defined Community Of Interest)

21   A class action is not appropriate because individual issues and/or remedies predominate

22   over the asserted class-wide grievance and/or declaratory or injunctive relief.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Commonality Of Claims)

25   Plaintiffs' claims are not representative of the proposed/putative class.

26

27

28

18

1

### TWENTIETH AFFIRMATIVE DEFENSE

2

#### (Proper Classification)

3    Each cause of action is barred because Defendants properly classified Plaintiffs and any

4    putative class members as exempt employees.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6

#### (Failure To Mitigate)

7    Plaintiffs failed to take reasonable steps and to exercise due diligence in an effort to

8    minimize or mitigate the alleged damages, if any.

9

### TWENTY-SECOND AFFIRMATIVE DEFENSE

10

#### (No Unjust Enrichment)

11    The Complaint and each cause of action alleged therein is barred because Defendants were

12    not unjustly enriched.

13

### TWENTY-THIRD AFFIRMATIVE DEFENSE

14

#### (Punitive Damages Unavailable)

15    The Complaint and each cause of action alleged therein fail to state facts sufficient to

16    support a claim for relief for which punitive damages may be awarded.

17

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

18

#### (Consent)

19    The alleged conduct of Defendants complained of in the Complaint was approved,

20    consented to, authorized, and/or ratified by Plaintiffs and the putative class members through their

21    actions, omissions and course of conduct; accordingly, the Complaint and each purported cause of

22    action therein are barred.

23

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

24

#### (Attorneys' Fees and Costs Unwarranted)

25    The Complaint fails to state facts sufficient to support an award of attorneys' fees or costs.

26

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27

#### (No Fraudulent Conduct)

28

19

1       The Complaint is barred in whole or part because the conduct of Defendants as alleged in

2  the Complaint is not "fraudulent" as defined under the California Business & Professions Code.

3  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

4  **(Misrepresentation)**

5       Any of the conduct of Defendants or its agents, which is alleged to be unlawful was taken

6  as a result of misrepresentations by Plaintiffs.

7  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

8  **(After-Acquired Evidence)**

9       If Plaintiffs suffered any loss, damage or detriment as a result of the facts alleged in the

10  Complaint, which Defendant denies, such loss, damage or detriment is limited or barred by the

11  existence of evidence acquired after Plaintiffs' termination that bars or limits the remedial relief to

12  which Plaintiffs may have been entitled in the absence of such after-acquired evidence.

13       WHEREFORE, Defendants pray for judgment as follows:

14       1.    That Plaintiffs take nothing by virtue of the Complaint;

15       2.    That judgment be entered in favor of Defendants and against Plaintiffs;

16       3.    That Defendants recover their costs of suit incurred herein, including

17  attorneys' fees; and

18       4.    For such other and further relief as the Court may deem just and proper.

19

20

21  DATED: June 26, 2008          ARTHUR F. SILBERGELD

22                       GEORGE SAMUEL CLEAVER

                          CLIFFORD DAVIDSON

23                       PROSKAUER ROSE LLP

24                       /s/  Clifford Davidson

25                       Attorneys for Defendants,

                          GUY EVANS, INC. and BUILDER

26                       SERVICES GROUP, INC.

27

28

20

8086/30663-002
Current/11420421v

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, I hereby certify that I am an associate with Proskauer LLP, and that I caused a true and correct copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT to be served on the parties of this action through the Federal Court CM/ECF system, causing a true copy thereof to be electronically transmitted to the e-mail addresses noted below as follows:

RUKIN HYLAND DORIA & TINDALL LLP
John F. Hyland (Cal. Bar No. 178875)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
johnhyland@rhdtlaw.com

GULLEDGE LAW GROUP
Linda Gulledge (Cal Bar No. 196862)
Kelly Woody Gulledge (Cal. Bar No. 234255)
1190 South Victoria Avenue, Suite 208
Ventura, California 93003
Telephone: (805) 642-1972
Facsimile: (805) 642-1933
kwgull@glogweb.com

DATED this 26th day of June, 2008.

/s/  Clifford Davidson
An associate with Proskauer Rose LLP