UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK GALLO; ARMANDO GUTIERREZ; ANGEL MIRAMONTES; ANTONIO MIRAMONTES; LUIS MIRAMONTES; MANUEL MONTES; and SAMUEL ALVAREZ HARO, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>GUY EVANS, INC., a corporation; BUILDER SERVICES GROUP, INC., a corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Civil No.   08cv0604-JAH (CAB)<br><br>**ORDER GRANTING JOINT MOTION FOR CONTINUANCE OF PRETRIAL CASE MANAGEMENT DATES**<br>**[Doc. No. 25]** |

On February 13, 2009, the parties filed a joint motion to continue the pretrial case management dates. [Doc. No. 25.] Finding good cause, the Court hereby **GRANTS** the joint motion and amends the previous case management conference order [Doc. No. 21, as amended by Doc. No. 24] as follows:

1.       On or before **May 22, 2009**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **May 13, 2009**, any party may supplement its designation in response to any

other party's designation so long as that party has not previously retained an expert to testify on that subject.

2.     The motion for class certification shall be filed on or before **June 12, 2009**. See paragraphs 9 and 10 below for further information on filing and scheduling motions.

3.     A Mandatory Settlement Conference shall be conducted on **March 23, 2009, at 10:00 a.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **March 16, 2009**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.** Please note settlement conference briefs shall be submitted by courier directly to chambers, not faxed or emailed.

4.     Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

5.     Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than July 27, 2009**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

6. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **August 10, 2009**.

7. <u>All</u> discovery, including expert discovery, shall be completed on or before **September 18, 2009**.  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.  Counsel shall refer to Judge Bencivengo's chambers rules for handling discovery disputes, which are available at the Court's website.

8. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **September 25, 2009**.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of counsel to timely request a motion date may result in the motion not being heard.**

9. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will

hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

10. Despite the requirements of Civil Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the date specified.

11. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **January 11, 2010**.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

12. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or **before January 18, 2010**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **January 25, 2010**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

14. The final pretrial conference shall be held before the **Honorable John A. Houston**, United States District Court Judge, on **February 1, 2010**, at **2:30 p.m.**

15. The dates and times set forth herein will not be modified except for good cause shown.

DATED:  February 19, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge