1   John F. Hyland (Cal. Bar No. 178875)
    Carole Vigne (Cal. Bar No. 251829)
2   RUKIN HYLAND DORIA & TINDALL LLP
    100 Pine Street, Suite 2150
3   San Francisco, California 94111
    Telephone: (415) 421-1800
4   Facsimile: (415) 421-1700

5   Linda Gulledge (Cal. Bar No. 196862)
    Kelly Woody Gulledge (Cal. Bar No. 234255)
6   GULLEDGE LAW GROUP
    1190 South Victoria Avenue, Suite 208
7   Ventura, California 93003
    Telephone: (805) 642-1972
8   Facsimile: (805) 642-1933

9   Attorneys for Plaintiffs
    ERICK GALLO, ARMANDO GUTIERREZ,
10  ANGEL MIRAMONTES, ANTONIO MIRAMONTES,
    LUIS MIRAMONTES, MANUEL MONTES,
11  and SAMUEL ALVAREZ HARO

12                    UNITED STATES DISTRICT COURT

13         SOUTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15  ERICK GALLO, *et al.*,                CASE NO. 08-CV-0604 CAB

16                          Plaintiffs,

17              vs.                       **DECLARATION OF JOHN F. HYLAND IN
                                          SUPPORT OF PLAINTIFFS' MOTION
18  MASCO CORPORATION, *et al.*,          FOR AWARD OF ATTORNEYS' FEES
                                          AND COSTS PURSUANT TO
19                          Defendants.   SETTLEMENT AGREEMENT**

20                                        Date:        January 31, 2011
21                                        Time:        10:00 a.m.
                                          Courtroom:   Courtroom E
22                                        Judge:       Hon. Cathy A. Bencivengo
23
24
25
26
27
28
                                                        Case No. 08-CV-0604 CAB

I, John F. Hyland, declare as follows:

1.      I am an attorney licensed by the State Bar of California, and I am admitted to practice before this Court.  I am a partner in the law firm of Rukin Hyland Doria & Tindall LLP ("RHDT"), Counsel of record for Plaintiffs in this case (the "*Gallo* case") and Plaintiffs in the related case *Ibarra, et al. v. Builder Services Group, Inc., et al.*, Case No. 10-cv-0199 CAB (removed to S.D. Cal., Jan. 26, 2010) (the "*Ibarra* Case").  I have personal knowledge of the facts set forth in this declaration and, if called to testify under oath, could and would testify competently thereto.

2.      I have had primary responsibility for the prosecution of these actions on Plaintiffs' behalf since their inception.  Two associate attorneys with our Firm – Carole Vigne and Kate Hegé – have also worked on this case under my direction and supervision, along with paralegals Maia Siu and Mark Gaines.

3.      Because we anticipated that investigation, preparation, and prosecution of the *Gallo* case would require a substantial amount of work, and because of the limited-English-proficiency of the Plaintiffs, our Firm associated the Gulledge Law Group ("GLG") in September 2007 to work on this matter.  Throughout the duration of this case and the *Ibarra* case, our Firm and GLG divided responsibilities and duties in as efficient and effective manner as possible, and in a manner intended to avoid or minimize any duplication of work.  Our Firm staffed the *Gallo* and *Ibarra* cases in as lean a manner as possible; ordinarily with no more than one associate and a paralegal from our Firm working on the case with me at any time.

4.      I have practiced law for 15 years and have practiced exclusively in the area of employment law.  I have extensive experience in wage and hour law.  I have represented individuals in wage and hour disputes in federal and California courts, in arbitration, and before the California Division of Labor Standards Enforcement, and I have also represented employers in defending such matters.  I have also litigated numerous wage and hour class and collective actions, having represented class claimants and, in other cases, defendants.  Both of the RHDT associates who worked on the cases, Carole Vigne and Kate Hegé, have focused their practice on

1

employment law matters, including representation of low-wage workers in wage and hour

disputes. Both Ms. Hegé and Ms. Vigne speak fluent Spanish which proved essential because all

but one or two of the Plaintiffs spoke only Spanish, and I do not speak Spanish.

     5.     The attorneys and paralegals at our Firm expended a substantial amount of time

preparing and prosecuting the *Gallo* and *Ibarra* cases. Our work on these cases included the

following:

- **Investigations/Complaint.** Investigated the claims before filing the *Gallo* Complaint; drafted and filed an administrative charge with the California Department of Fair Employment and Housing on behalf of Plaintiff Gallo; drafted and filed the *Gallo* Complaint; drafted and filed the *Gallo* First Amended Complaint; met with and interviewed *Gallo* putative class members; drafted and filed the *Ibarra* Complaint.

- **Client Communications.** Numerous communications and meetings with the *Gallo* and *Ibarra* Plaintiffs throughout the preparation and prosecution of the cases from case inception through settlement.

- **Written Discovery.** Propounded formal discovery requests to Defendants and responded to Defendants' substantial amount of written discovery requests in the *Gallo* case; reviewed documents and other data produced by Defendants; met and conferred with Defendants' Counsel regarding responses to discovery requests; propounded formal discovery requests to Defendants in the I*barra* case prior to the case's removal.

- **Depositions.** Prepared for and defended the depositions of the Plaintiffs Angel Miramontes, Gutierrez, Montes, and Alvarez and twenty-one *Gallo* putative class members seeking to join the *Gallo* case as named plaintiffs (and who eventually became *Ibarra* Plaintiffs).

- **Motions.** Researched, drafted, and filed the Motion for Leave to File the Second Amended Complaint, and Reply thereto, in *Gallo*, the Motion for Remand, and

2

Reply thereto, in *Ibarra*, and the instant Motion for Attorneys' Fees and Costs, among several other joint motions in both cases.

- **Court Conferences/Hearings.** Prepared for and attended the Early Neutral Evaluation Conference, the Rule 26 Conference, and Pretrial Conference in the *Gallo* case.

- **Trial Preparation.** In the *Gallo* case, prepared and submitted pretrial disclosures, amended pretrial disclosures, objections to Defendants' pretrial disclosures; met and conferred with Defendants' Counsel about the Pretrial Order; prepared and submitted the Pretrial Order and the Amended Pretrial Order.

- **Settlement.** Researched and drafted the settlement conference statements in the *Gallo* case; prepared for and attended the settlement conferences in March 2009, January 2010, and June 2010; conducted settlement negotiations with Defendants' Counsel throughout the case; negotiated and finalized the detailed terms of the settlement agreement .

- **Travel Time.** Traveled from San Francisco to El Centro and San Diego for client meetings and to San Diego for depositions, court conferences/hearings, and mandatory settlement conferences.

6.      All attorneys and paralegals at our Firm who worked on the *Gallo* and *Ibarra* cases maintained contemporaneous records of the time spent working on the case, entering that time in an electronic time recording database.  In preparing Plaintiffs' motion for an award of attorneys' fees and costs, I have carefully reviewed these time recording/billing records.  During this review, I eliminated a number of billing entries and reduced the recorded time for many other entries to eliminate tasks that in my professional judgment I did not believe we could properly include in calculating the total fees to include in the request or otherwise reduced time to ensure that we included in our request only reasonable amounts of time for the various tasks included in our calculation.  In doing so, I sought to eliminate time spent on tasks that I considered duplicative, unnecessary, or excessive.  For example, I eliminated all duplicative entries such that

our Firm did not include time for more than one RHDT attorney to attend a hearing, conference, or meeting.  I n addition, I eliminated time entries such that RHDT did not bill for more than one attorney participating in a meeting or call among Counsel.   Finally, for purposes of this motion, we eliminated time spent travelling to meetings, hearings, and conferences.  The travel time recorded in our billing records totaled in excess of 200 hours in the *Gallo* and *Ibarra* cases.

7.     As detailed in Exhibit A, I have expended a total of 386.8 hours (not including travel time), the associates in our Firm have expended a total of 626.1 hours (not including travel time), and our paralegals have expended a total of 61.6 hours (not including travel time), for a total of more than 1,000 hours on the *Gallo* and *Ibarra* cases.

8.     We have calculated our Firm's fees based on the following hourly rates, reduced from those we charge our hourly clients and lower than the average charged in the region in which we practice:  (1) John F. Hyland, partner and Lead Counsel, $475; (2) Kate Hegé and Carole Vigne, associates, $300; and (3) Mark Gaines and Maia Siu, paralegals, $175.   Applying the applicable rates to the hours expended in the *Gallo* and *Ibarra* cases, RHDT's lodestar (not including travel time) totals $382,340.

9.     Our Firm incurred a substantial amount of out-of-pockets costs litigating the *Gallo* and *Ibarra* cases.  We incurred nearly approximately $35,000 in costs, including charges for filing and service of pleadings; deposition transcripts; legal research; mail, fax, and phone; copies; and travel.  As detailed in Exhibit B, our Firm incurred over $2,000 in charges for filing and service of pleadings; over $3,500 in charges for deposition transcripts,  over $400 in charges for legal research; over $150 in charges for mail, fax, and phone; over $500 in charges for copies; and over $28,000 in charges for travel (including airfare, taxi, hotel, and meals).

10.     Our Firm has not received payment for any of the professional services rendered in the *Gallo* and *Ibarra* cases or any of the costs incurred in these cases.

11.     The Parties in the *Gallo* and *Ibarra* cases finalized their settlement agreement in September 2010.  Under the terms of that confidential settlement agreement, the Parties agreed

1  that Plaintiffs' Counsel would apply to the Court for the payment of attorneys' fees and

2  reimbursement of out-of-pocket costs by Defendants up to a maximum cap of $400,000.

3

4     I declare under penalty of perjury under the laws of the United States and the State of

5  California that the foregoing is true and correct, executed the 15th of December 2010 in San

6  Francisco, California.

7
___/s/_       _John F. Hyland_       ___
John F. Hyland

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

ERICK GALLO, *et al.* v. MASCO CORPORATION, *et al.*
USDC Southern District of California, Western Division
Case No. 08-CV-0604 CAB

JOSE MARTIN CARRERAS IBARRA, *et al.* v. BUILDER SERVICES GROUP, *et al.*
USDC Southern District of California, Western Division
Case No. 10-CV-0199 CAB

| TASK & STAFF LEVEL: BY HOURS | | | |
|---|---|---|---|
| TASK | PARALEGAL - RHDT | ASSOCIATE - RHDT | PARTNER - RHDT | TOTAL |
| Client Communications | 3.20 | 22.90 | 16.00 | 42.10 |
| Court Conferences/Hearings | 0.00 | 0.20 | 12.30 | 12.50 |
| Depositions | 0.40 | 227.30 | 29.70 | 257.40 |
| Investigations/Complaint | 33.90 | 13.20 | 30.00 | 77.10 |
| Motions | 12.90 | 116.80 | 105.20 | 234.90 |
| Pre-Trial | 10.30 | 149.90 | 68.00 | 228.20 |
| Settlement | 0.00 | 31.10 | 74.00 | 105.10 |
| Travel Time | 0.00 | 138.70 | 96.80 | 235.50 |
| Written Discovery | 0.90 | 64.70 | 51.60 | 117.20 |
| SUB TOTAL | 61.60 | 764.80 | 483.60 | 1,310.00 |
| Reduction in fees: Travel Time | 0.00 | 138.70 | 96.80 | 235.50 |
| TOTAL | 61.60 | 626.10 | 386.80 | 1,074.50 |

| TASK & STAFF LEVEL: BY FEE AMOUNT | | | |
|---|---|---|---|
| TASK | PARALEGAL - RHDT | ASSOCIATE - RHDT | PARTNER - RHDT | TOTAL |
| Client Communications | $ 560.00 | $ 6,870.00 | $ 7,600.00 | $ 15,030.00 |
| Court Conferences/Hearings | $ - | $ 60.00 | $ 5,842.50 | $ 5,902.50 |
| Depositions | $ 70.00 | $ 68,190.00 | $ 14,107.50 | $ 82,367.50 |
| Investigations/Complaint | $ 5,932.50 | $ 3,960.00 | $ 14,250.00 | $ 24,142.50 |
| Motions | $ 2,257.50 | $ 35,040.00 | $ 49,970.00 | $ 87,267.50 |
| Pre-Trial | $ 1,802.50 | $ 44,970.00 | $ 32,300.00 | $ 79,072.50 |
| Settlement | $ - | $ 9,330.00 | $ 35,150.00 | $ 44,480.00 |
| Travel Time | $ - | $ 41,610.00 | $ 45,980.00 | $ 87,590.00 |
| Written Discovery | $ 157.50 | $ 19,410.00 | $ 24,510.00 | $ 44,077.50 |
| SUB TOTAL | 10,780.00 | 229,440.00 | 229,710.00 | $ 469,930.00 |
| Reduction in fees: Travel Time | $ - | $ 41,610.00 | $ 45,980.00 | $ 87,590.00 |
| TOTAL | $ 10,780.00 | $ 187,830.00 | $ 183,730.00 | $ 382,340.00 |

# EXHIBIT B

ERICK GALLO, *et al.* v. MASCO CORPORATION, *et al.*
USDC Southern District of California, Western Division
Case No. 08-CV-0604 CAB

JOSE MARTIN CARRERAS IBARRA, *et al*. v. BUILDER SERVICES GROUP, *et al.*
USDC Southern District of California, Western Division
Case No. 10-CV-0199 CAB

| COSTS INCURRED - RHDT | |
| --- | --- |
| COST TYPE | COST - RHDT |
| Copies | $ 531.60 |
| Deposition - Transcript | $ 3,586.65 |
| Filing & Legal Service | $ 2,177.16 |
| Mail/Fax/Phone | $ 165.41 |
| Research | $ 409.23 |
| Translation service fees | $ - |
| Travel | $ 28,084.92 |
| Witness Fees | $ - |
| *Grand Total* | *$ 34,954.97* |