1  John F. Hyland (Cal. Bar No. 178875)
   Carole Vigne (Cal. Bar No. 251829)
2  RUKIN HYLAND DORIA & TINDALL LLP
   100 Pine Street, Suite 2150
3  San Francisco, California 94111
   Telephone: (415) 421-1800
4  Facsimile: (415) 421-1700

5  Linda Gulledge (Cal. Bar No. 196862)
   Kelly Woody Gulledge (Cal. Bar No. 234255)
6  GULLEDGE LAW GROUP
   1190 South Victoria Avenue, Suite 208
7  Ventura, California 93003
   Telephone: (805) 642-1972
8  Facsimile: (805) 642-1933

9  Attorneys for Plaintiffs
   ERICK GALLO, ARMANDO GUTIERREZ,
10 ANGEL MIRAMONTES, ANTONIO MIRAMONTES,
   LUIS MIRAMONTES, MANUEL MONTES,
11 and SAMUEL ALVAREZ HARO

12               UNITED STATES DISTRICT COURT

13       SOUTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15 ERICK GALLO, *et al.*,                  CASE NO. 08-CV-0604 CAB

16                        Plaintiffs,

17            vs.                          **DECLARATION OF LINDA J.
                                           GULLEDGE IN SUPPORT OF
18 MASCO CORPORATION, *et al.*,            PLAINTIFFS' MOTION FOR AWARD OF
                                           ATTORNEYS' FEES AND COSTS
19                        Defendants.      PURSUANT TO SETTLEMENT
                                           AGREEMENT**
20
                                           Date:        January 31, 2011
21                                         Time:        10:00 a.m.
                                           Courtroom:   Courtroom E
22                                         Judge:       Hon. Cathy A. Bencivengo
23

24

25

26

27

28
                                                        Case No. 08-CV-0604 CAB

I, Linda J. Gulledge, declare as follows:

1.     I am an attorney licensed by the State Bar of California, and I am admitted to practice before this Court.  I am a partner in the law firm of Gulledge Law Group ("GLG"), Counsel of record for Plaintiffs in this case (the "*Gallo* case") and Plaintiffs in the related case *Ibarra, et al. v. Builder Services Group, Inc., et al.*, Case No. 10-cv-0199 CAB (removed to S.D. Cal., Jan. 26, 2010) (the "*Ibarra* Case").  I have personal knowledge of the facts set forth in this declaration and, if called to testify under oath, could and would testify competently thereto.

2.     I have had primary responsibility for the prosecution of these actions on Plaintiffs' behalf within weeks of their inception, when my firm associated with Rukin Hyland Doria & Tindall LLP ("RHDT") in September 2007 to work on these cases.  My partner, Woody Gulldge, and our paralegal, Maria Azucena Garcia, have also worked with me on these cases.

3.     Throughout the duration of this case and the *Ibarra* case, GLG and RHDT divided responsibilities and duties in as efficient and effective manner as possible, and in a manner intended to avoid or minimize any duplication of work.  GLG staffed the *Gallo* and *Ibarra* cases in as lean a manner as possible, ordinarily with no more than one attorney and a paralegal from GLG working on the case at any time.

4.     Both Woody Gulledge and I have substantial employment law experience, and specifically representing plaintiffs in wage and hour cases in state and federal courts, including class actions.  I have practiced law for 12 years and focus my practice exclusively in the area of employment law, including extensive experience in wage and hour law.  I have represented individuals and companies in wage and hour disputes in federal and California courts and before the California Division of Labor Standards Enforcement in both individual and class actions.  Woody Gulledge has also focused his practice on employment law matters, including advising companies on wage and hour practices.  Our paralegal Maria Azucena Garcia and I are both fluent and literate in Spanish, and we generally served as the primary contact for Plaintiffs and conducted all communications with them.   Over the course of working on these cases, our paralegal and I spent numerous hours preparing and translating documents into Spanish and orally

translating information so that the Plaintiffs could understand and meaningfully participate in their legal proceedings.

5.      The attorneys and paralegal at GLG expended a substantial amount of time preparing and prosecuting the *Gallo* and *Ibarra* cases.  Our work on these cases included the following:

- **Investigations/Complaint.** Investigated the claims before filing the *Gallo* Complaint; drafted the *Gallo* Complaint; drafted the *Gallo* First Amended Complaint; met with and interviewed *Gallo* putative class members; edited the *Ibarra* Complaint.

- **Client Communications.** Regular, and at times daily, communications and meetings with the *Gallo* and *Ibarra* Plaintiffs throughout the preparation and prosecution of the cases from case inception through settlement, including the scheduling of the 52 witness depositions that Defendants noticed during November and December 2009.

- **Written Discovery.**  Propounded formal discovery requests to Defendants and responded to Defendants' substantial amount of written discovery requests  in the *Gallo* case; reviewed documents and other data produced by Defendants; met and conferred with Defendants' Counsel regarding responses to discovery requests; propounded formal discovery requests to Defendants in the I*barra* case prior to the case's removal.

- **Depositions.**   Prepared for and defended the depositions of the Plaintiffs Gallo, Angel Miramontes, Luis Miramontes, and Antonio Miramontes; prepared the twenty-one *Gallo* putative class members seeking to join the *Gallo* case as named plaintiffs (and who eventually became *Ibarra* Plaintiffs) for their depositions; prepared and took the depositions of Randy Nelson and Ruben Holguin – supervisory witnesses who were responsible to implement many of the pay practices that were in issue in these cases – and the persons most knowledgeable

2
Case No. 08 CV-604 J CAB
Gulledge Declaration in Support of Motion for
Award of Attorneys' Fees and Costs Pursuant to Settlement Agreement

regarding timekeeping and payroll practices and procedures of both *Gallo*
Defendants Guy Evans, Inc. and Builder Services Group, Inc.

- **Motions.** Drafted portions of and edited the Motion for Leave to File the Second
  Amended Complaint, and Reply thereto, in *Gallo*, the Motion for Remand, and
  Reply thereto, in *Ibarra*, and the instant Motion for Attorneys' Fees and Costs,
  among several other joint motions in both cases.

- **Court Conferences/Hearings.** Prepared for and attended the Early Neutral
  Evaluation Conference, the Rule 26 Conference, and Pretrial Conference in the
  *Gallo* case.

- **Trial Preparation.** In the *Gallo* case, prepared portions of and reviewed pretrial
  disclosures, amended pretrial disclosures, objections to Defendants' pretrial
  disclosures; met and conferred with Defendants' Counsel about the Pretrial Order;
  prepared and submitted the Pretrial Order and the Amended Pretrial Order;
  conducted several witness interviews and prepared declarations; prepared damages
  calculations; met with and prepared *Gallo* Plaintiffs for trial.

- **Settlement.** Researched and drafted the settlement conference statements in the
  *Gallo* case; prepared for and attended the settlement conferences in March 2009,
  January 2010, and June 2010; conducted settlement negotiations with Defendants'
  Counsel throughout the case; negotiated and finalized the detailed terms of the
  settlement agreement.

- **Travel Time.** Traveled from Ventura to El Centro and San Diego for client
  meetings and to San Diego for depositions, court conferences/hearings, and
  mandatory settlement conferences.

6.      Both attorneys and the paralegal at GLG who worked on the *Gallo* and *Ibarra*
cases maintained contemporaneous records of the time spent working on the case, entering that
time in an electronic time recording database.  In preparing Plaintiffs' motion for an award of
attorneys' fees and costs, I have carefully reviewed these time recording/billing records.  During

3

1   this review, I eliminated a number of billing entries and reduced the recorded time for many other

2   entries to eliminate tasks that in my professional judgment I did not believe we could properly

3   include in calculating the total fees to include in the request or otherwise reduced time to ensure

4   that we included in our request only reasonable amounts of time for the various tasks included in

5   our calculation.  In doing so, I sought to eliminate time spent on tasks that I considered

6   duplicative, unnecessary, or excessive.  For example, I eliminated all duplicative entries such that

7   our Firm did not include time for more than one GLG attorney to attend a hearing, conference, or

8   meeting.  In addition, I eliminated time entries such that GLG did not bill for more than one

9   attorney participating in a meeting or call among Counsel.   Finally, for purposes of this motion,

10  we eliminated time spent travelling to meetings, hearings, and conferences.  The travel time

11  recorded in our billing records totaled in excess of 170 hours in the *Gallo* and *Ibarra* cases.

12          7.      As detailed in Exhibit A, Woody Gulledge and I have together expended a total of

13  721.42 hours (not including travel time), and our paralegal, Maria Azucena Garcia, has expended

14  a total of 990.96 hours (not including travel time), for a total of more than 1,700 hours on the

15  *Gallo* and *Ibarra* cases.

16          8.      We have calculated our Firm's fees based on the following hourly rates, (1) Linda

17  Gulledge and Woody Gullege, partners, $400; (2) Maria Azucena Garcia, paralegal, $150.

18  Applying the applicable rates to the hours expended in the *Gallo* and *Ibarra* cases, GLG's

19  lodestar (not including travel time) totals $437,210.17.

20          9.      Our Firm incurred a substantial amount of out-of-pockets costs litigating the *Gallo*

21  and *Ibarra* cases.  We incurred over $17,000 in costs, including charges for filing and service of

22  pleadings; deposition transcripts; translation services; witness fees; mail, fax, and long-distance

23  phone calls; copies; and travel.  As detailed in Exhibit B, our Firm incurred over $1,200 in

24  charges for filing and service of pleadings; over $6,000 in charges for deposition transcripts, over

25  $1,600 in translation service fees; over $100 in witness fees; nearly $800 in charges for mail, fax,

26  and long-distance phone calls; over $200 in charges for copies; and over $7,000 in charges for

27  travel (including airfare, taxi, hotel, and meals).

28

1      10.     Our Firm has not received payment for any of the professional services rendered in

2  the *Gallo* and *Ibarra* cases or any of the costs incurred in these cases.

3      11.     The Parties in the *Gallo* and *Ibarra* cases finalized their settlement agreement in

4  September 2010.  Under the terms of that confidential settlement agreement, the Parties agreed

5  that Plaintiffs' Counsel would apply to the Court for the payment of attorneys' fees and

6  reimbursement of out-of-pocket costs by Defendants up to a maximum cap of $400,000.

7

8      I declare under penalty of perjury under the laws of the United States and the State of

9  California that the foregoing is true and correct, executed the 15th of December 2010 in Ventura,

10  California.

                                    ___/s/___     *Linda J. Gulledge*     ___
11                                               Linda J. Gulledge

Case No. 08 CV-604 J CAB

Exhibit A to Gulledge Declaration
Gulledge Law Group Fees

| | Attorneys' Fees | Paralegal Fees |
|---|---|---|
| Investigation/Complaint & Administrative Charge Preparation | $ 22,960.00 | $ 6,375.00 |
| Client Communications (Telephone and Meetings) | $ 7,086.67 | $ 39,660.00 |
| Court Conferences/Hearings (Preparation & Appearance) | $ 24,840.00 | $ 5,280.00 |
| Motions (Research & Writing) | $ 6,080.00 | $ 30.00 |
| Written Discovery (Propounded & Responded to) | $ 27,720.00 | $ 20,287.50 |
| Depositions (Preparation & Attendance) | $ 71,640.00 | $ 14,550.00 |
| Pre-Trial Preparation | $ 67,680.00 | $ 35,656.00 |
| Settlement Negotiations | $ 60,560.00 | $ 26,805.00 |
| Travel Time | $ 68,760.00 | $ - |
| | $ 357,326.67 | $ 148,643.50 | $ 505,970.17 |

Exhibit B to Gulledge Declaration

Gulledge Law Group Cost Allocation

| Cost Category | Total |
|---|---|
| Filing and Legal Service Fees | $1,271.90 |
| Copy Charges | $232.95 |
| Mail, ovenight mail, fax, phone | $775.51 |
| Travel (including airfare, taxi, food) | $7,046.76 |
| Deposition Transcripts | $6,160.06 |
| Translation Service Fees | $1,670.56 |
| Witness Fees | $143.55 |
| Total Costs: | $17,301.29 |