UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK GALLO; ARMANDO GUTIERREZ; ANGEL MIRAMONTES; ANTONIO MIRAMONTES; LUIS MIRAMONTES; MANUEL MONTES; and SAMUEL ALVAREZ HARO, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                                                  Plaintiffs,<br>        v.<br>MASCO CORPORATION, a corporation, MASCO SERVICES GROUP CORPORATION, a corporation, GUY EVANS, INC., a corporation; BUILDER SERVICES GROUP, INC., a corporation; and DOES 1 through 20, inclusive<br>                                                  Defendants. | Civil No.   08cv0604-CAB<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES**<br><br>**[Doc. No. 95]** |

      Before the Court is plaintiffs' motion for attorneys' fees and costs in the above-captioned case and related case, *Ibarra, et al v. Builder Services Group, et al*, Case No. 10cv199. The parties reached a settlement of these cases in June of 2010. As part of the negotiated agreement, the parties agreed that plaintiffs' counsel could submit an application for fees and costs in these cases for a final determination by the undersigned.[1] Defendants could object in whole or part. The

---

[1] The parties consented to the Magistrate Judge and both cases were referred to the undersigned for all purposes on September 22, 2010. [Doc. No. 85.]

total of any award by the Court cannot exceed an agreed ceiling of $400,000. The parties finalized and executed the settlement during the months that followed and the cases were dismissed with prejudice on December 16, 2010. [Doc. No. 98.]

Plaintiffs filed their application for fees and costs on December 15, 2010. [Doc. No. 95.] Defendants filed their opposition on January 18, 2011. [Doc. No. 100.] Plaintiffs filed a reply on January 25, 2011. [Doc. No. 103.] Defendants were given leave to file a surreply which was submitted on February 4, 2011. [Doc. No. 106.] The Court found the motion suitable for determination on the papers and it was submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## I. BACKGROUND

*Gallo et al v. Masco Corporation, et al*, 08cv604 ("Gallo Case") was filed on April 2, 2008 as a class action with six named plaintiffs alleging 10 separate causes of action for violations of federal and state wage and hour laws.[2] The complaint was amended on May 22, 2008, adding a seventh named plaintiff, but no new causes of action.

For the next year discovery proceeded and settlement discussions were held with the expectation that plaintiffs would seek certification of a class of defendants' employees numbering approximately 100 individuals. Plaintiffs last day to file their motion for class certification was June 12, 2009 [Doc. No. 27], however by May 2009, plaintiffs' counsel had decided not to proceed with the class allegations. After meeting with over 50 of the putative class members, plaintiffs' counsel concluded it would be best to proceed as a multi-plaintiff case instead of seeking class certification.[3] [Doc. No. 95-1, at 4-5.]

On June 29, 2009, plaintiffs filed a motion for leave to file a second amended complaint adding 52 plaintiffs to the Gallo Case, withdrawing the class and collective action allegations,

///
///

---

[2] There are three additional causes of action for employment related violations specific to individual plaintiffs and not asserted on behalf of the class.

[3] Counsel were unsuccessful in their efforts to contact the remaining putative class members. [Doc. No. 95-1, at 5 n.5.]

adding a defendant and proceeding as a multi-plaintiff case. [Doc No. 29]. The motion was opposed by defendants. [Doc. No. 30.] Plaintiffs' motion was denied by District Judge John Houston on December 7, 2009. [Doc. No. 46.]

Thereafter, the seven plaintiffs in the Gallo Case prepared to proceed to trial on their claims. Pretrial disclosures were exchanged and a Pretrial Order was submitted to the Court. The Pretrial Conference was held before District Judge Houston on April 5, 2010. The Court directed the parties to file an amended Pretrial Order and the Pretrial Conference was continued to June 21, 2010. The parties reached a settlement and the Pretrial Conference was vacated. As set forth above, the settlement was eventually finalized and the case dismissed.

Also following the Court's order denying the motion to amend, plaintiffs' counsel prepared and filed a complaint in the Superior Court of California, County of Imperial, case no. ECU05330, on behalf of those plaintiffs who were not added by amendment to the Gallo Case. Defendant removed that state court case on January 26, 2010 to this District Court, *Ibarra et al v. Builder Services Group, Inc.*, 10cv199 ("Ibarra Case"). There were 53 named plaintiffs alleging similar wage and hour violations as those asserted in the Gallo Case. On February 22, 2010, plaintiffs filed a motion to remand the case back to state court. [Doc. No. 9.] Opposition and reply briefs were submitted and the motion was taken under submission by District Judge Houston on April 14, 2010. [Doc. No. 15.] While the motion was pending, the case was settled in conjunction with the Gallo Case.

## II. RECOVERY TO THE PREVAILING PARTY

In both the Gallo and Ibarra Cases, plaintiffs claimed violations of California Labor Code provisions including but not limited to the non-payment of overtime and prevailing wage, failure to provide meal periods and accurate itemized wage statements and for reimbursement of travel costs and other business expenses. The California Labor Code provides the statutory basis for the recovery of reasonable fees and costs to a prevailing party for such violations. *See* Cal. Labor Code §§218.5; 226; 1194.

///

///

To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits of his claim, by judgment, consent decree or settlement. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (plaintiff must secure relief that directly benefits him at the time of settlement). Although the court in *Farrar* addressed recovery of fees for a civil rights violation, this Court applies the articulated principle to the settlement of a wage case that provides for the statutory recovery of fees. The plaintiffs argue that they prevailed in these cases in that the settlement provided for payment to all 60 plaintiffs for dismissal of their wage claims. The defendants do not directly challenge that the plaintiffs qualify as a prevailing party in this case, although they do argue that plaintiffs would not have ultimately prevailed on their claims at trial. Given that these disputed claims settled and plaintiffs received a direct benefit in the settlement, the Court finds the plaintiffs the prevailing party and entitled to the recovery of reasonable fees and costs.

### III. REASONABLE FEES AND COSTS

The calculation of a reasonable fee award involves a two-step process. First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) the results obtained; and (5) the contingent nature of the fee agreement." *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996). The second step involves the district court, in its equitable discretion, adjusting this amount "on the basis of other considerations." *Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004).

The prevailing attorneys bear the burden of establishing entitlement to an award and must document the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the applicants submit evidence of the appropriate hours spent on litigation, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Applicants should make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours from a fee request. *Hensley,* 461

1  U.S. at 434.  "The district court has a great deal of discretion in determining the reasonableness of
2  the fee."  *Gates*, 987 F.2d at 1398.

### IV.  REASONABLE HOURLY RATES

A reasonable hourly rate is calculated according to the prevailing market rates in the relevant community.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  The community where the court sits is the relevant market for determining reasonable fees.  *Deukmejian*, 987 F.2d at 1405.  Two law firms represented the plaintiffs, Rukin Hyland Doria & Tindall, LLP, located in San Francisco, California, and Gulledge Law Group, located in Ventura, California.  Neither firm is located in this District Court's community.

John Hyland provided a declaration on behalf of the Rukin firm.  He stated he has practiced for 15 years, exclusively in the area of employment law with extensive experience in wage and hour law.  [Doc. No. 95-3 at ¶4.]  He states his hourly rate in this case was $475.  He was assisted by two Spanish-speaking associates Kate Hege and Carole Vigne,[4] who were billed at $300 an hour and two paralegals, Mark Gains and Maia Siu, who were billed at $175 an hour.  [*Id.* at ¶8.]

Linda Gulledge provided a declaration on behalf of the Gulledge firm.  She stated that she has practiced law for 12 years, exclusively in the area of employment law with extensive experience in wage and hour law.  [Doc. No. 95-4 at ¶4.]  She is fluent and literate in Spanish and states her hourly rate in this case was $400.  Gulledge stated that her partner Woody Gulledge also practices in employment law, advising companies on wage and hour practices, and his hourly rate in this case was $400.  The Gulledges were assisted by a Spanish-speaking paralegal, Maria Azuncea Garcia, who was billed at $150 an hour.  [*Id.* at ¶¶4, 8.]

Plaintiffs cite the Court to three cases from the Southern District as evidence that the rates claimed by their counsel are in line with those prevailing in the community, for similar services and comparable skill.  Those cases found lead counsel rates in the range of $400 to $425 an hour, $220 to $250 for an associate and $125 for a paralegal to be reasonable hourly rates in this community.  *See Kochenderfer v. Reliance Standard Life Ins. Co,* 2010 WL 1912867, *4 (S.D. Cal.

---

[4] Mr. Hyland does not speak Spanish and "all but one or two of the plaintiffs spoke only Spanish."  [Doc. No. 95-3 at ¶4.]  Consequently Mr. Hyland relied upon his associates and his co-counsel Linda Gulledge and her paralegal to communicate with the plaintiffs.

Apr. 21, 2010); *Fleming v. Coverstone*, 2009 WL 764940, *7 (S.D. Cal. Mar. 18, 2009); *Cornwell v. Belton*, 2008 WL 80724,*1 (S.D. Cal. Jan. 7, 2008). [Doc. No. 95-1, at 14.]

Defendants correctly point out that "the fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). [Doc. No. 101, at 7.] Each of the cases relied upon by plaintiffs reflects an hourly rate generally less than the amount requested by the plaintiffs' counsel[5] and none of the cases are wage and hour cases. Plaintiffs offer no analysis of the subject matter, services and skills of the lawyers in the cited cases to demonstrate how those rates support the generally higher rates they request. Defendants offer no evidence that the rates approved in this District Court and offered by plaintiffs as evidence of reasonable rates in this community, are not appropriate in this case.

Based on the Court's knowledge of prevailing standards in the community, and without further evidence from the parties beyond the cases cited by plaintiffs in support of their application, the Court applies the following rates as reasonable in this case:

$400 an hour for partners John Hyland, Linda Gulledge and Woody Gulledge;

$220 an hour for associates Kate Hege and Carole Vigne; and,

$125 an hour for paralegals Mark Gaines, Maia Siu and Maria Azucena Garcia.

### V.  REASONABLE HOURS EXPENDED

The fee applicant bears the burden of documenting the appropriate hours expended. *Hensley*, 461 U.S. at 437. The plaintiffs have not provided the Court with much assistance to assess the reasonableness of the hours claimed in their application. While counsel need not document how each minute was expended, *id.* at 437 n.12, in this case plaintiffs' application is comprised of nine broad categories of work, each containing multiple discrete tasks with no information as to who worked on what task and the hours involved. Plaintiffs' fee claim is more than double the maximum amount this Court could award under the terms of the settlement, so

---

[5] Only the rates claimed by Linda and Woody Gulledge are within the ranges discussed in the cited cases. Accepting Ms. Gulledge's rate as reasonable, the Court finds no basis for awarding Mr. Hyland almost 20% more per hour, for comparable work and comparable experience.

plaintiffs undoubtedly concluded that providing more detailed documentation was not necessary. [Doc. No. 95-1, at 17 (counsels' lodestar alone substantially exceeds the $400,000 cap, counsel should not have to take any further discount).] The Court, however, cannot simply accept at face value the unsubstantiated hours claimed by plaintiffs, and default to the $400,000 ceiling without examination. The plaintiffs needed to demonstrate the reasonableness of the hours claimed in each of these categories, and they have generally not met that burden.

The application is not rejected outright due to the plaintiffs inadequate documentation, as defendants advocate. The plaintiffs, however, are subject to the quality of their filing. To the extent the documentation is inadequate to support the claim or objective information is contrary to the claim, claims have been rejected. For certain of the plaintiffs' block categories, the work claimed within the category is supported by some objective details provided in plaintiffs' application or evident from the dockets, so the Court made an analysis of the reasonableness of the claim. Given the limitations presented by the plaintiffs' application, the Court exercises its discretion in determining the reasonableness of the plaintiffs' claimed fees, and makes the following findings.

### A. Investigations/Complaint

Numerous discrete tasks are claimed under this category without any specific information. The Rukin Firm claims to have investigated the claims prior to filing the complaint in the Gallo Case; drafted and filed an administrative charge with the Department of Fair Employment and Housing on behalf of plaintiff Erick Gallo; drafted and filed the Gallo complaint and first amended complaint, met with and interviewed the Gallo putative class members; drafted and filed the Ibarra complaint. For this work the Rukin firm claims 33.9 hours of paralegal time; 13.2 hours of associate time; and 30 hours of partner time. There is no explanation as to who did what on what task.

Similarly, the Gulledge Firm claims to have investigated the claims before filing the Gallo complaint; drafted the Gallo complaint and first amended complaint; met with and interviewed the Gallo putative class members; and edited the Ibarra complaint. For this work, the Gulledge firm claims 42.5 hours of paralegal time and 57.4 hours of partner time. There is no explanation as to

who did what on what task. In total, plaintiffs claim 177 hours for the investigation of the claims and preparation of the complaints.

First, the Court notes that the Gallo Complaint and the first amended complaint are essentially the same document. The only addition was the inclusion of a seventh named plaintiff. So the fact that two separate firms are billing for the drafting of the first amended complaint is unacceptable. Next, the Court notes that the Ibarra Complaint largely mirrors the Gallo Complaint and does not introduce significant new information or claims. Again, that two firms are billing for work on that complaint is also unacceptable. Finally, the Court has no information regarding the time and effort expended on the administrative charge filed on behalf of plaintiff Gallo.

Despite the representation of plaintiffs' counsel that the firms divided responsibilities, it was neither reasonable or necessary for two firms to have billed time to the preparation and filing of the amended complaint or the Ibarra complaint. There is no way to discern how many hours were spent on these tasks and by whom. Further, given Mr. Hyland's representation that he does not speak Spanish, it would be unlikely he personally interviewed putative class members, but there is no way to discern what if any time is credited to him for this task.

The Court cannot accept the 177 hours at face value given the work claimed in this category. The Court credits 40 hours total to the investigation and preparation of the complaints and administrative charge, allowing the 13.2 hours of associate time and 26.8 as partner time. The Court also credits 52 hours total for interviewing of the putative class members (an hour per person), allowing 26 hours of paralegal time and 26 hours of partner time. Applying the adjusted rates, a total of $27,274 is recoverable for investigation and preparation of the complaints.

**B. Client Communications**

There is little explanation as to what constituted client communications, that was separate from the hours claimed as investigation, discovery, deposition preparation and settlement. It apparently included deposition scheduling by the Gulledge firm (presumably Ms. Garcia's claimed time). [Doc. No. 95-4 at ¶5.] There were 60 plaintiffs in these combined cases. According to Ms. Gulledge's declaration, she and Ms. Garcia "served as the primary contact for Plaintiffs and conducted all communications with them." [Doc. No. 95-4 at ¶4 (*emphasis added*).] Based on that

1  representation, the Court concludes that hours identified as client communications by other
2  attorneys are at best duplicative, and are excluded.  Ms. Gulledge claims she spent 17.7 hours in
3  client communications and Ms. Garcia spent 264.4 hours.  The Court finds the time claimed for
4  Ms. Garcia excessive, given the complete lack of supporting information.  The Court credits one
5  hour per plaintiff for deposition scheduling for a total of 60 hours and Ms. Gulledge's claimed
6  time.  Applying the adjusted rates, a total of $14,580 is recoverable for client communications.

### C. Written Discovery

The work performed in this category is generally described as the propounding of and responding to written discovery and the review of documents produced by defendants. [Doc. No. 95-3 at ¶5; Doc. No.95-4 at ¶5.] The plaintiffs in the Gallo Case each were served with 34 or more interrogatories; 26 requests for admission and 97 or more document requests. The plaintiffs served document requests on defendants for production of their employment records that resulted in a "substantial volume documents" to be reviewed and analyzed. [Doc No. 95-1, at 3.] Defendants do not contest these representations.

The materials submitted by counsel provide hours expended by partners, associates and paralegals with regard to written discovery, but no information whatsoever as to who did what with regard to these tasks. There is 136.15 hours of paralegal time; 64.7 hours of associate time; and 120.9 hours of partner time. The average is about 46 hours per named plaintiff in the Gallo Case to review and prepare discovery responses and analyze each plaintiff's employment records, including translation services, not an unreasonable amount of time. Applying the adjusted rates, a total of $79,612.75 is recoverable for written discovery.

### D. Depositions

Five of the seven plaintiffs in the Gallo Case were deposed over a ten day period. Additionally defendants noticed the depositions of 52 of the individuals who eventually became the plaintiffs in the Ibarra Case, and actually deposed 21 of them over a two week period with four

///
///
///

to five depositions each day.[6] [Doc. Nos. 95-1, at 6.] Plaintiffs deposed four of defendants' witnesses. Ms. Gulledge states her firm handled the witness preparation and defense for four of the plaintiffs in the Gallo Case, and prepared the 21 witnesses who became the Ibarra Case plaintiffs, as well as taking the depositions of the defendants' witnesses. [Doc. No. 95-4 at ¶5.] She claims 97 hours of paralegal time and 179.1 hours of partner time for those eight depositions and the additional 21 witness depositions. Mr. Hyland states his firm handled the witness preparation and defense for four of the plaintiffs in the Gallo Case, and prepared the 21 witnesses who became the Ibarra Case plaintiffs, as well. He claims 227.3 hours of associate time and 29.70 hours of partner time for four depositions and the same 21 witness depositions. According to the submissions by the parties, only five of the seven plaintiffs in the Gallo case were deposed and only one firm will be credited for the preparation of the 21 witnesses. The information provided by counsel is overlapping, contradictory and insufficient to make an informed analysis. There is no way of determining from the information provided what contribution the Rukin firm made in the deposition process, so their time is excluded as duplicative.

The Court accepts Ms. Gulledge's declaration regarding time spent for the depositions. Applying the adjusted rates, a total of $83,765 is recoverable for deposition time.

### E. Motions

The docket reflects that there were two joint motions filed in the Gallo Case to continue dates; a joint motion to dismiss a defendant; a discovery motion filed by defendants for which the court requested no briefing from plaintiffs; and the motion for leave to file the second amended complaint which was denied. The only motion filed in the Ibarra Case was plaintiffs' motion to remand which was pending when the case settled. The Court finds that the hours expended on the denied motion and the pending motion are not recoverable. Plaintiffs are allowed two hours of associate time for their participation in the preparation and filing of the joint motions. Applying the adjusted rates, a total of $440 is recoverable for motion practice.

---

[6] Defendants deposed these individuals when they were anticipated to be added as plaintiffs to the Gallo Case. That motion was denied, but that did not render the depositions irrelevant. [Doc. No. 101, at 4.] These individuals became the plaintiffs in the Ibarra Case, and at the very least were percipient witnesses in the Gallo Case.

**F.  Court Conferences/Hearings**

There were three court conferences covered in this category. The Early Neutral Evaluation ("ENE") Conference, the Case Management Conference ("CMC") and the Pretrial Conference. No detailed description of the work performed related to these hearings is provided. The docket and the Court's records, however, provide assistance in analyzing this claim.

The ENE in the Gallo Case was held on August 6, 2008. It lasted approximately two hours and plaintiffs submitted a perfunctory three-page statement in advance of the hearing. The CMC was held on September 23, 2008 by telephone and it lasted no longer than 30 minutes. The parties submitted a four-page joint discovery plan for the hearing. The Pretrial Conference was held before District Judge Houston on April 5, 2010. It lasted less than 15 minutes. The preparation for this conference is covered in the category Pretrial Preparations (*infra*).

The two law firms have claimed a total of 109.8 hours for preparation and attendance at these three conferences. The Court finds this unacceptable. Actual attendance at these conferences totaled approximately 2.75 hours – plaintiffs have specifically stated they did not include travel time for any of their court appearances. It is unreasonable for these firms to have invested in excess of 100 hours preparing for these conferences. Allowing for participation by lead counsel from each firm at each conference, that is a total of 5.5 hours of partner time. The Court will allow an additional 14.5 hours for preparation specific to these conferences, for a total of 20 hours of recoverable partner time. Applying the adjusted rates, a total of $8,000 recoverable for participation in court conferences.

**G.  Pretrial Preparations**

The plaintiffs' application includes a number distinct tasks under this category without any specifics as to the actual time spent on each task. Further both the Rukin and Gulledge firm claim time for performing the same tasks, again without explanation as to who did what. As a result the Court is left with little guidance as to the reasonableness of the hours claimed.

The Rukin firm claims time in this general category for preparing the pretrial disclosures, amended pretrial disclosures, objections to defendants' pretrial disclosures, meeting and conferring with defendants' counsel about the pretrial order, preparing and submitting the pretrial order and

amended pretrial order. For these tasks the Rukin firm claims 10.3 hours of paralegal time; 149.9 hours of associate time and 68 hours of partner time. Based on the pretrial documents submitted by plaintiff in the docket, the Court finds this a reasonable amount of time for pretrial preparations.

The Gulledge firm claims time for the preparation of the same documents the Rukin firm claims to have prepared. Further the Gulledge firm claims time for the following "pretrial" preparations: conducting several witness interviews and preparing declarations; preparing damages calculations; and meeting with and preparing the Gallo Plaintiffs for trial. The Court finds none of these tasks recoverable. Declarations are not admissible at trial, so time spent on this is not reasonable as a pretrial preparation. Damages calculations were prepared as discovery responses and certainly in detail for settlement conferences. No new damage calculations should have been occurring at this final stage of the proceedings. Preparing the plaintiffs for trial was at best premature, as the parties had not even completed a pretrial conference with the Court and no trial date had been set. Any preparation would have had to have been repeated, so this was an unnecessary expense at this time.

Plaintiffs have provided no information to assist the Court in assessing how much time the Gulledge firm spent on these unrecoverable tasks, or on the same work claimed by the Rukin firm. As a consequence, the Court rejects the hours claimed by the Gulledge firm for pretrial preparations in their entirety as duplicative or unnecessary. Applying the adjusted rates, a total of $61,465.50 is recoverable for pretrial preparations.

**H. Settlement**

Under the category of "Settlement," plaintiffs include the research and drafting of settlement conference statements, preparation and attendance at three court ordered settlement conferences, negotiations with defendants' counsel throughout the case and finalization of the settlement agreement. A total of 178.7 hours of paralegal time, 31.1 hours of associate time, and 225.4 hours of partner time is claimed. At the adjusted rates this would total $119,339.50.

Plaintiffs provided no information as to how much time was spent by whom doing which specific task. As with the court ordered conferences discussed above, the Court looks to its records and the docket to test the plaintiffs' claim. There were three Mandatory Settlement Conferences

("MSC") held in this case. The first was on March 23, 2009. The second was on January 13, 2010. The last was on June 21, 2010, which resulted in the key term agreement between the parties and ultimately resolution of the two matters. The time in court for each conference was approximately two hours.

The first MSC was held when the Gallo Case was a putative class action. The other two MSCs, although held in the Gallo Case, after the class action allegations were dropped, involved the joint resolution of the claims in the Ibarra Case. As a consequence each conference considered the settlement of all claims of the 60 plaintiffs. The confidential submissions by plaintiffs' counsel for the first MSC and the second MSC demonstrate significant time spent presenting the evidence collected, and applying the legal issues. The Court credits six hours of partner time, per firm, for attendance at these conferences, a total of 12 hours. For each hour spent in conference, the Court credits an additional seven hours, a day of preparation, for a total of 84 hours of partner time. Applying the adjusted rates, this totals $38,400.

With regard to time spent in negotiations with the defendants' counsel throughout the case, with no information provided by plaintiffs as this task, an allowance for this would be speculation.

With regard to the finalization of the settlement agreement, the Court credits two hours of paralegal time and one hour of partner time per plaintiff to document the settlement, for 120 hours of paralegal time, and 60 hours of partner time. Applying the adjusted rates, this totals $39,000. A total of $77,400 is recoverable for settlement.

**I. Travel**

Plaintiffs' application includes an entry for counsels' travel time to court conferences and hearings, client meetings and for depositions. Plaintiffs, however, voluntarily excluded this claim from their application. The exclusion of time and expenses for travel is appropriate.

Given the subject matter of this case and the fact that all plaintiffs are located in the Southern District of California, a claim for recovery of travel time and expenses incurred by out-of-district counsel is not justified. There has been no showing that competent counsel could not have been retained locally and that the selection of out-of-district counsel was necessary. Moreover, in the current business climate, it has become far less common for counsel to be reimbursed by clients

for travel, particularly travel to meet with the client itself. Attorneys are expected to travel on their own time, at their own expense. The Court finds it unreasonable to shift the time and expense of travel by out-of district counsel to the defendants in this case, when it reasonably would not have been reimbursed by the plaintiffs and the case is not so novel that plaintiffs were compelled to go out of the Southern District of California to find competent counsel.

**J. Fee Recovery Summary**

In summary the Court finds that Plaintiffs' recovery of fees for a reasonable number of hours at a reasonable rate in each category of work identified by Plaintiffs is as follow:

| Plaintiffs' Time Categories | Amount |
|---|---|
| Investigations/Complaint | $ 27,274.00 |
| Client Communications | $ 14,580.00 |
| Written Discovery | $ 79,612.75 |
| Depositions | $ 83,765.00 |
| Motions | $     440.00 |
| Court Conferences/Hearings | $  8,000.00 |
| Trial Preparation | $ 61,465.50 |
| Settlement | $ 77,400.00 |
| Travel Time | $  0 |
| **Total Fee Recovery** | **$351,937.25** |

## VI.  COSTS

Plaintiffs also seek recovery of costs. As the prevailing party, the recovery of costs is also appropriate. Included in the plaintiffs' summary of costs are charges for copies; deposition transcripts; filing and legal service; mail/fax/phone charges; research; translation service fees; witness fees; and travel for a total of $52,256.26. No documentation was provided in support of Plaintiffs' cost claim. Certain claimed fees the Court finds non-recoverable, others are accepted and some are partially rejected due to lack of supporting documentation.

///

///

The following amounts are approved: $764.55 for copies; $9,746.71 for deposition transcripts; $940.92 for mail/fax/phone charges; $409.23 for legal research; $1,670.56 for translation services; and $143.55 for witness fees.

The plaintiffs claim $3,449.06 for the "filing and service of pleadings." [Doc Nos. 95-3 at ¶9 and 95-4 at ¶9.] The filing fee in federal court is $350. There are no other filing fees in this Court. The filing fee in state court is $320. Other than the complaint in the Ibarra Case, there is no evidence that any other filing fees were incurred in state court. Plaintiffs provided no information to explain the remaining $2,779.06 claimed in this category. The filing and service in this district of pleadings and motions is electronic and incurs no service expenses on the parties. The application makes no reference to any subpoenas being served on third parties. The Court allows $670.00 for filing fees.

Plaintiffs' claim for $35,131.68 in travel expenses is disallowed in its entirety, as discussed above.

In summary, the Court finds the following costs recoverable.

| Plaintiffs' Cost Categories | Amount |
|---|---|
| Copies | $   764.55 |
| Deposition Transcripts | $ 9,746.71 |
| Filing & Legal Service | $   670.00 |
| Mail/Fax/Phone | $   940.92 |
| Research | $   409.23 |
| Translation service fees | $ 1,670.56 |
| Witness Fees | $   143.55 |
| Travel Expenses | $ 0 |
| **Total Cost Recovery** | **$ 14,344.60** |

///

///

///

///

## VII.  CONCLUSION

For the reasons set forth above, the Court awards Plaintiffs a **total of $366,281.85 in fees and costs** as the prevailing party in this litigation.  Defendants are hereby ordered to make payment of that amount to plaintiffs, in accordance with their instructions, no later than **May 27, 2011**.

**IT IS SO ORDERED.**

DATED:  April 28, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge